HENRY A. WOODS *vs.* ROBERT P. WOODS & others.

Middlesex.   Jan. 15. — July 8, 1878.   ENDICOTT & SOULE, JJ., absent.
Jan. 13. — June 24, 1879.   COLT & SOULE, JJ., absent.

In an action on a promissory note signed by a firm, and by others for the accommodation of the firm, and payable to the plaintiff's order, and discounted at a bank, it appeared that the note had been paid at maturity by two other notes, signed by one of the firm, payable to the plaintiff's order and indorsed by other persons. The evidence was conflicting on the point whether the payment was made by the plaintiff, or by a member of the firm which signed the original note. *Held*, that, if the latter was the fact, the parties to the note were discharged; and that this question should be submitted to the jury.

In an action on a promissory note, made before the St. of 1874, *c.* 404, against a person whose name appeared on the back of the note above that of the payee, the judge instructed the jury that, if the defendant wrote his name in blank on the back of the note, before it was delivered to take effect as a note, he would

be liable as a joint maker, in the absence of evidence that it was the intention of himself and the payee that he should be liable as indorser only. *Held*, that the defendant had no ground of exception.

If the payee of a promissory note, at the time it becomes due, takes a promissory note for the same amount, signed by persons, some of whom are not parties to the first note, and retains the first note, there is no presumption of law, in the absence of an agreement to that effect, that he receives the second note in payment of the first.

If a bill of exceptions states that a party requested the judge to grant certain requests for instructions, and that the judge declined to give the instructions requested, but gave full and appropriate instructions not excepted to, and omits to state what these instructions were, there is no ground of exception, unless the party had the right to have the instructions given without modification or qualification.

CONTRACT against Robert P. Woods and Levi Wallace, copartners doing business under the firm name of Woods & Wallace, Henry Parkinson and Charles Tarbell, upon a promissory note for $5000, dated July 1, 1873, payable three months after date to the order of, and indorsed by, Henry A. Woods, and signed on the face by Woods & Wallace, and by Parkinson, and on the back by Tarbell, whose name appeared above that of the payee.

At the trial in the Superior Court, before *Gardner*, J., the issues were whether the note in question was wholly or in part paid by Robert P. Woods by two notes for $2500 each, or the proceeds thereof, dated October 3, 1873, payable to the order of Henry A. Woods, signed by Robert P. Woods, and indorsed by Henry A. Woods, Alfred Page and Harvey A. Woods, and whether Charles Tarbell was promisor or indorser on the original note.

Walter Fessenden, called by the plaintiff, testified, that he is now and was in 1873 the president of the Townsend National Bank; that the note in suit was discounted by the bank to take up another note signed by the same parties, which was coming due at the bank; that, when the note in suit was coming due, Robert P. and Henry A. Woods had a conversation with him about taking it up, and about a new note or notes for that purpose; that he said he would take a note with the name of Page upon it; that Robert P. said that he and Wallace had agreed, the one to take up a part of the notes signed by them, and the other, another part; that Henry A. said he was going to help Robert P. pay the note in suit; that Robert P. wanted to pay

the note in suit by two notes of $2500 each, and he agreed to take such notes with Page and Henry A. Woods as indorsers; that, the day before the note in suit came due, Henry A. brought to him the two notes dated October 3, 1873, for $2500 each; that Henry A. told him, if Parkinson's name was on the back of the note in suit, to have it protested, but if on the face, to pay it; that he found Parkinson's name on the face, took it up and gave it to Henry A., who said he had done right; and that he kept the two $2500 notes and had them discounted at his bank, where they were finally paid, but not until after they had been renewed several times.

Robert P. Woods testified, for the plaintiff, that he and Wallace met Henry A. Woods in Boston, and requested him to indorse a note signed by Woods & Wallace, Parkinson and Tarbell, to take up another note signed by them, coming due at the Townsend Bank; that Henry A. did so, and did so again when the new note came due, until the time when the note in suit was made; that then Henry A. declined to indorse again unless the note was made payable to himself; that he had the note in suit made and signed by the defendants, and carried it to Henry A., who indorsed it; that he then took the note to the Townsend Bank, where it was discounted; that, before the note in suit became due, he said to Henry A. that the parties to the note were not able to pay it, and that he must; that Henry A. said he had not the money then, and could not pay it, but expected the money from a mortgage due him before long, which he could not then get; that he told Henry A. it was safe for him to take it up, for he would hold all the names upon the note; that Henry A. said he knew that, and that if he took it up by giving new notes he need not have the names of the signers of the note in suit upon the new notes; that Henry A. finally consented to indorse the two notes of $2500 each, with which to take up the note in suit, and Henry A. paid the new notes; that he did not, nor did Wallace, Parkinson or Tarbell, pay anything towards their payment to Henry A. or to the bank.

On cross-examination, Robert P. testified, that Wallace had proposed to him, at some time prior to the making of the two $2500 notes, that each of them should take up a part of the notes signed by them, but that the notes spoken of were only a

small part of the debts which they owed; and that the proposi-tion was without consideration, and he agreed to it as a matter of convenience.

The plaintiff also proved that Robert P. Woods and Wallace went into bankruptcy, and put upon their schedule of debts the note in question as due to Henry A. Woods.

Henry Parkinson testified, for the defendants, that he never had any benefit from the note in suit; that it was made for Woods & Wallace for the purpose of raising money at the Townsend Bank; that he never signed it for any other purpose; that Robert P. Woods told him the $5000 note in suit had been paid, and that he, Robert, had paid it; that Henry A. said that Robert P. had paid the note in suit; that he saw Henry A. often after the note in suit was due, but he never showed the note, or said that he had it. Parkinson also testified, that he had gone into bankruptcy since the commencement of this action, and that he entered upon the schedule in bankruptcy of his debts the note in suit, as of a debt due by him to Henry A. Woods.

C. R. Dearborn testified, for the defendants, that he had a conversation with Robert P. Woods about the note in suit in the summer of 1874; that Robert P. asked him if Wallace had paid the note in the savings bank in Nashua; that he replied, not all of them, but he had put collateral there to secure them; that Robert P. said that he and Wallace had apportioned their debts between them; that he had paid his half, and was sorry Wallace had not paid his.

Charles Tarbell testified, for the defendants, that he never had any benefit from the note; that it was an accommodation note; that he had a conversation with Robert P. Woods about the note in suit; that Robert P. said he had paid the $5000 note by giving two other notes of $2500 each; that Alfred Page indorsed the paper for him; that he had some conversation with Henry A. Woods about the two notes, who said that he had told Fes-senden that it was nothing that concerned him, as they were Robert's notes; that he had seen Henry A. frequently since the note became due; that he never said anything to him about the note, and he never had notice until he was sued.

Alfred Page testified, for the defendants, that he signed the two $2500 notes at the request of Robert P. Woods, who said

that he wanted the notes to take up a note that was coming due at the Townsend Bank; that Henry A. Woods did not procure him to be a party to these notes; and that he never signed any paper for him in his life.

Levi Wallace testified, for the defendants, that the note in suit was made to take up another note at the Townsend Bank; that it was not made for the purpose of accommodating Parkinson and Tarbell in any manner; that Robert P. Woods told him he had paid the note in suit, with two other notes; that he had some conversation with Henry A. Woods, who told him that Robert P. had paid the note in question, or had taken it up.

This was all the evidence in the case. The plaintiff contended that, upon the evidence, there was nothing for the jury to determine.

The judge, for the purpose of raising the questions of law involved in the case, ruled that there was no question for the jury; that upon this evidence the plaintiff was entitled to recover; ordered the jury to bring in a verdict for the plaintiff against all the defendants; and reported the case for the determination of this court. If upon this evidence there was no question of fact for the jury, and the plaintiff was entitled to recover the whole amount of the note against all of the defendants, judgment was to be entered on the verdict; otherwise, the verdict was to be set aside, and a new trial granted.

*D. S. Richardson & L. Wallace,* for the defendants.

*T. H. Sweetser & F. A. Worcester,* (*G. A. A. Pevey* with them,) for the plaintiff.

COLT, J. The plaintiff, for the accommodation of the firm of Woods & Wallace, indorsed a note for $5000, signed by them and the defendant Parkinson on the face, and by the defendant Tarbell on the back, and made payable to the plaintiff's order. This note was discounted by the bank, and was paid when due by two notes of $2500 each, payable to the plaintiff's order and indorsed by him and others, the note in suit being then delivered to the plaintiff. There was no question at the trial but that the note in suit had been paid; the question was by whom. The plaintiff contended that it was paid by him. The defendants contended that the payment was by Robert P. Woods, one of the defendants, and one of the firm of Woods & Wallace;

and that it was made from the avails of the two $2500 notes. There was some conflict in the evidence upon this point. The real character of the transaction depends largely upon the intent of the parties, to be ascertained by the jury from all the evidence in the case. If the payment was by Robert P. Woods, then the parties to the original $5000 note are discharged; if by the plaintiff, he may as payee enforce his claim in this suit against all the makers. We think there was evidence in the case which would justify a finding either way. But the judge ruled that there was no question for the jury, and ordered a verdict for the plaintiff against all the defendants.

*New trial granted.*

At the second trial of the case in the Superior Court, before *Aldrich*, J., the plaintiff put in the same evidence as at the previous trial; and also put in evidence tending to show that the note in suit had been paid by him by the two notes of $2500 each, and the subsequent payment by him of these notes. The plaintiff did not, however, contend that he advanced or paid any money on the note in suit; but that he was an accommodation indorser for all the other parties to the note, and put in evidence tending to prove this.

The defendants' evidence was in substance the same as that put in by them at the former trial; and, for the purpose of raising the question of the liability of Tarbell as a joint promisor, the defendants proposed to ask him the following questions: " Did you receive any money on the note in suit? For what purpose was this note made? Did you receive anything on account of this note?" The judge refused to allow these questions to be put.

For the purpose of showing that Parkinson and Tarbell were, at most, only accommodation indorsers of the note in suit, the defendants proposed to ask Wallace the following questions: " Was any money passed on the note in suit by or between any of the parties to it? Was any money passed on this note before it was discounted at the bank?" There was no evidence to show that the plaintiff knew that Parkinson and Tarbell were accommodation makers for Robert P. Woods and Wallace, and the judge refused to allow the questions to be put.

The defendants requested the judge to instruct the jury as follows: "1. If any of the joint promisors on the note in suit, about the time it became due, gave his note as promisor to the plaintiff as payee, with indorsers thereon, for the sole purpose of having it discounted at a bank to raise money to take up the note in suit, and the note was accordingly discounted and the proceeds applied towards taking up the note in suit, then the note in suit would be so far paid, and the plaintiff cannot recover on said note in this action without an allowance towards the payment thereof of the money so raised and applied. 2. If Robert P. Woods, one of the promisors, made the two notes for $2500 each payable to the plaintiff, and they were made for the purpose of raising money to take up the note in suit, and were discounted at a bank and the proceeds applied to the taking up of the note in suit, that would be a payment of so much of the note in suit as was so applied, in the absence of any agreement between the parties varying their obligations as they appear on the said notes. 3. If the note in suit was made solely for the purpose of raising money, by having it discounted at a bank, to take up a previous note, then the note would not be a binding contract between the parties until so discounted by the bank, and the order of time in which the parties put their names on the back of the note would be of no importance in construing the obligations of the parties; and if Tarbell's name was put on the back of the note before the name of Henry A. Woods, the payee, yet if, when it was completed and presented to the bank for discount and actually discounted, the payee's and Tarbell's names were both on the back of the note, Tarbell can only be held as an indorser on the note, and not as a promisor. 4. If an accommodation note is made, without any consideration between the parties, for the purpose of raising money at a bank to take up a previous note, any person who shall put his name on the back, before the payee indorses his name thereon, must be held as an indorser, provided, when the note was received and discounted by the bank, the payee's name was then indorsed thereon. 5. Such a note is to be construed, not in the order of time in which the parties put their names thereto, but the liabilities of the several parties on the note are to be determined by the note as it existed when discounted and made a valid con-

tract by the passing of the consideration, provided the note was made solely for the purpose of raising money by a discount thereof at a bank.   6. If the note of one joint promisor for the amount of the old note, on time, with other indorsers, is taken for the old note, the law presumes that such new note is a payment of the old note, in the absence of any agreement to the contrary.   7. If Robert P. Woods made the two $2500 notes for the sole and only purpose of raising money with which to pay the note in suit, and procured them to be indorsed by Alfred Page, and then delivered them to Henry A. Woods, who was made payee, and he then indorsed them for the same purpose, and used the money obtained on the two notes for the purpose of taking up the note in suit, the note in suit was so far paid by Robert, in the absence of any contrary agreement, notwithstanding Henry may have supposed, while the note was in his hands, he could collect its full amount."

But the judge declined so to rule ; and directed the jury, with other full and appropriate instructions not excepted to, as follows : " If Tarbell, not being the payee, wrote his name in blank on the back of the note in suit, before it was delivered to take effect as a promissory note, he would be liable as one of the joint makers and original promisors, in the absence of all evidence that it was the intention of himself and Henry A. Woods, the payee, that he, Tarbell, should assume the liability only of an indorser.   The two $2500 notes not having been signed by all the parties to the note in suit, the law does not presume, in the absence of any agreement to that effect between the plaintiff and the other parties to the note in suit, that he received the two $2500 notes in payment of the note in suit."

The jury returned a verdict for the plaintiff ; and the defendants alleged exceptions.

*D. S. Richardson*, (*W. H. Atwood* with him,) for the defendants.

*T. H. Sweetser*, (*F. A. Worcester* with him,) for the plaintiff.

LORD, J.   The bill of exceptions states that, beside the instructions reported and excepted to, "full and appropriate instructions not excepted to" were given.   It is therefore necessary to inquire only whether the instructions as reported were erroneous, and whether the defendants' prayers for instruction were all, or any

of them, such as it was the right of the defendants to have given without modification or qualification. For if the prayers for instruction embraced within themselves sound principles of law, which the circumstances of this case required to be modified when applied to it, then such modifications and explanations must be presumed to have been given under those full and appropriate instructions to which no exception is taken.

As to the first instruction excepted to, it was clearly sufficiently favorable to the defendants; for, by the law of Massachusetts it has been too long settled, and too many times adjudged to be now questioned, that, before the St. of 1874, *c*. 404, if a party not the payee of a note signed his name upon the back of it before delivery to the payee, he thereby became an original promisor upon the note. Whether it would be competent for him by parol to show that his contract was different from what it appeared to be by the writing, we need not inquire, for the ruling of the judge went only to the extent that *prima facie* he was a joint maker, and to that ruling the defendants certainly have no just cause of complaint.

The second instruction given was also sufficiently favorable to the defendants. Whether the taking of a note for the amount of a preëxisting note is payment of the first note, is rather a question of fact than of law; and when a note is given signed by any other than the maker of the previous note, and the previous note is retained by the payee, as in this case, it is very clear that the law does not raise a presumption that such note is payment, and although no agreement in relation to it is specifically proved, the question whether or not it was given and received in payment is one of those facts which the jury must decide.

All the prayers for instruction are subject to the criticism that they omit an important element which in any instructions was necessary to be considered in connection with the facts referred to. That element was that the present plaintiff was the person who paid this note at the bank, and who retained it as the owner of what he claimed to be a continuing liability. The circumstances of this case did not therefore demand that the instructions, or any one of them, as prayed for, should be unconditionally given, and the full and appropriate instructions which were given are to be presumed to be such as were nece

sary to make them applicable to the facts of the present case. For example, when the prayers speak of the note having been made for the sole purpose of being discounted at the bank, they assume that such note could be made for such purpose only, and create but a single liability as between the parties to it. Whatever may be their relations to the bank, when such note is discounted, the relation of the parties to the note to each other, after its payment at maturity, is a proper subject of inquiry. If the evidence had shown that the original note was made for the accommodation and because of the indebtedness of Henry A. Woods, instead of tending to show that he was simply an accommodation indorser for all the other parties to the note, then he could maintain no action upon the note against any other parties thereto. It is quite clear, therefore, that it was the duty of the court to give the instructions called for by the evidence, and by the respective claims of the parties under the evidence, and not merely to give abstract propositions of law, which upon one state of facts would be correct, but upon a different state of facts would be entirely erroneous. We cannot therefore say that, upon the condition of facts existing at the trial, it was error in the presiding judge to decline to give any one of the instructions asked for in the words asked for.

Nor do we see any error in the rejection of evidence. If the evidence had been offered generally, and had been admitted, there would probably have been no error in its admission; and if it had been offered for the purpose of showing that the defendants, or any of them, were parties, whether as indorser or maker, for the accommodation of Henry A. Woods, it would have been competent and material, and, if satisfactorily proved, decisive. It was, however, all offered for specific purposes wholly immaterial, unless Henry A. Woods bore some other relation to the note than simply that of payee. Holding that relation to the note, the relations of the other parties to it, their rights and obligations *inter sese*, are wholly immaterial, and it was not error to reject evidence in relation to them.     *Exceptions overruled.*