## A. W. PERRY *vs.* GEORGE SMITH.

Suffolk.   March 10, 1892. — May 9, 1892.

Present: FIELD, C. J., HOLMES, KNOWLTON, LATHROP, & BARKER, JJ.

*Master and Servant — Negligence.*

In an action for negligently setting fire to the plaintiff's premises, there was evidence that a workman who was sent by the defendant, a plumber, to make repairs in the plaintiff's shop, took a lamp into a shafting box to mend the pipe, knowing that the box was soaked with oil. *Held*, that the judge was warranted in finding that a plumber who knew his business would not set fire to the box unless he was careless, and that, on the other hand, the plaintiff was warranted in assuming that the condition of the box was obvious, and would be noticed by the workman, and that the workman was aware that oil is easily ignited by flame.

TORT, for carelessly and negligently setting fire to the plaintiff's premises and articles of personal property therein.

At the trial in the Superior Court, without a jury, before *Hammond*, J., it appeared in evidence that the plaintiff kept a shop on Summer Street in Boston, from which he furnished electric light for lighting stores in the vicinity, and that the defendant was a plumber, to whom the plaintiff had sent an order for a man to make repairs in his shop; that the defendant sent his workman to the plaintiff's shop, which was then in charge of one Morse, the plaintiff's agent; that neither of the parties to the suit were present when the fire hereinafter mentioned took place; that the defendant's workman was informed by the plaintiff's agent what repairs were desired, being to fix a lead pipe to one of the bearings, so that it could be oiled from the outside of the box hereinafter described; that the place where the repairs were to be made was inside a shafting box made of pine or spruce

wood lined with felting tacked on its inside, both wood and felting being saturated with oil, which had accumulated there from its use on the machinery inside the box; that the workman, finding it necessary, in order to do the work, entered the box, which was about four feet high, five feet long, and wide enough to admit the body of a man with the light hereinafter mentioned, and began work therein ; that within a few minutes after Morse left the room, fire was discovered inside the box by the workman, who called Morse, who was in another room, and they both tried to extinguish it. There was no water on the same floor for that purpose, and the fire spread and did the damage complained of. Morse was familiar with the box and its conditions, but did not caution the workman, who was not familiar with it. The place where the work was to be done, being inside of the box, was somewhat dark, and the workman asked for a lamp. Morse procured one, a small tin lamp with no chimney, and filled with lard oil.

Morse testified that, after lighting the lamp, he handed it to the workman, who was outside of the box, and that the workman took it and went to work with it inside the box, he, Morse, then leaving the room and not returning until the fire had started.

The workman, called for the defendant, testified that Morse himself placed the lamp inside of the box upon a circular shafting while the workman was at work inside, and that then Morse left the room. The defendant asked the judge to rule :

"1. That the contracted position in which the defendant's workman was placed, being at the time covered or saturated with oil, which place was new to the workman and unexplained to him, and the lamp furnished with a naked flame by the plaintiff, were such acts of contributory negligence as will bar the plaintiff from recovering.

"2. That the neglect to explain to the workman that the place in which he was to work was dangerous in regard to fire was contributory negligence."

The judge declined to rule as requested, and found that the defendant's agent was negligent, and that there was no contributory negligence of the plaintiff or his agent, and further found for the plaintiff ; and the defendant excepted.

*J. L. Powers*, for the defendant.

*W. A. Knowlton*, for the plaintiff.

HOLMES, J. The plaintiff's case was, that the defendant's workman took the lamp into the shafting box where he had to mend the pipe, and that he knew that the box was soaked with oil. The judge was warranted in finding these to be the facts. If he did so, we cannot say that he was not warranted in finding that a plumber who knew his business would not set fire to the box unless he was careless. On the other hand, we cannot say that the plaintiff was not warranted in assuming that the condition of the box was obvious, and would be noticed by the workman, and that the workman was aware that oil is easily ignited by flame. *Exceptions overruled.*