## WILLIAM MOORE *vs.* LOUIS T. CUSHING & another.

Norfolk.   November 21, 1894. — January 3, 1895.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON & BARKER, JJ.

*Liability of successive Indorsers of a Note for the Accommodation of a Third Person.*

Successive indorsers of a note for the accommodation of a third person are liable in the same order as indorsers for value, in the absence of special agreement.

CONTRACT, against Louis T. Cushing and Harvey H. Pratt, upon the following promissory note:

"$500.                    24 July, 1893.

"Three months after date, I promise to pay to the order. of William Moore Five Hundred Dollars.   Payable at any bank in Boston.   Value received.                    Harvey H. Pratt."

Indorsed, "Louis T. Cushing, William Moore."

The case was submitted to the Superior Court, and, after judgment for the plaintiff, to this court, on appeal, on agreed facts, in substance as follows.

Before the delivery of the note, Pratt requested the plaintiff to get it discounted, and the plaintiff refused unless there was a satisfactory indorser. Thereupon the plaintiff accompanied Pratt to the office of Cushing, whom the plaintiff told that he was going to have the note discounted for Pratt provided Pratt obtained a satisfactory indorser. The plaintiff asked Cushing if he was good for the amount, and Cushing said that he was, and that the note would be paid when due; and that he was willing to indorse the note for the accommodation of Pratt, so that the note might be discounted for his benefit. The note was then indorsed by Cushing at the request of Pratt, and was delivered to the plaintiff, who thereafter himself indorsed it and had it discounted, and the proceeds were used for the benefit of Pratt. The plaintiff was obliged to pay the note, and Cushing alone defended, Pratt having been defaulted.

*J. W. Keith,* for the defendant Cushing.

*J. J. Feely,* for the plaintiff.

HOLMES, J. This is a suit upon a note between two persons, who both became parties on it for the accommodation of the maker. The defendant Cushing indorsed the note before delivery; the plaintiff is the payee, and indorsed after the defendant. If the plaintiff had not known that the defendant indorsed the note for accommodation, he would have been entitled to recover. *Woods* v. *Woods,* 127 Mass. 141. Knowledge of that fact under the circumstances stated does not affect his rights. In the absence of agreement, successive indorsers for the accommodation of a third person are liable in the same order as indorsers for value. *Shaw* v. *Knox,* 98 Mass. 214. Dan. Neg. Instr. (3d ed.) § 703. The conversation which took place between the parties, so far from expressing a different agreement, gave notice to the defendant that the plaintiff required his indorsement as the condition of becoming a party. It fortifies the presumption arising from the face of the paper. The suggestion on behalf of the defendant, that he signed also for the accommodation of the plaintiff, perverts, if it does not contradict, the agreed facts. It was urged that the plaintiff took the

note when overdue: But his rights and liabilities were fixed at the time of his indorsement. If the argument was sound, the judgment ought to have been for the defendant indorser in *Woods* v. *Woods.*          *Judgment affirmed.*