MARK LEWIS *vs.* GEORGE F. MONAHAN.

Suffolk.   November 14, 1898. — March 9, 1899.

Present: FIELD, C. J., HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Promissory Note — Parties liable as Successive Indorsers.*

Where parties indorse their names on a promissory note before its delivery for the benefit of the maker, and the maker, who is also the payee, afterwards indorses his name above theirs before the note is delivered, their rights as to each other, in the absence of any special agreement, are those of successive indorsers.

CONTRACT, upon the following promissory note:

" $500.   Boston, April 2, 1896.   Four months after date I promise to pay to the order of myself five hundred dollars. Payable at any bank in Boston.   H. Naiherseg.   Value received.   H. Naiherseg."   Indorsements: " H. Naiherseg.   Geo, F. Monahan.   Mark Lewis."

Trial in the Superior Court, before *Hardy*, J., who directed the jury to render a verdict for the plaintiff in the sum of $542.61; and the defendant alleged exceptions, which appear in the opinion.

*J. F. Cronan*, for the defendant.

*E. B. Goodsell*, for the plaintiff.

BARKER, J.   One Naiherseg, having made the note in suit payable to his own order, took it to the defendant with a request that he indorse it so that Naiherseg could get it discounted, and stating that it would be necessary to have two indorsers, and that he would get the plaintiff to indorse it.   The defendant replied that he would indorse the note if Naiherseg would get the plaintiff's signature, but the note must be shown to him indorsed by the plaintiff before being discounted.   Upon making this statement the defendant indorsed the note, and Naiherseg took it so indorsed to the plaintiff, who indorsed his

signature upon the note under that of the defendant, and the note was then again shown to the defendant, and was afterwards taken to a bank by Naiherseg and discounted for his own benefit. It was in dispute whether Naiherseg's own indorsement, which was upon the note when it was presented for discount, was upon the note when it was indorsed by the defendant and the plaintiff. There was no evidence to show that the plaintiff had knowledge of the conversation between Naiherseg and the defendant on the occasion when the defendant indorsed the note. Naiherseg failed to pay the note at maturity, and notice of nonpayment and protest was given to the defendant and to the plaintiff. After this notice was received, the plaintiff called upon the defendant and asked him what was to be done in regard to the note. The defendant replied that the only thing to do was to go to the bank and each pay one half of the amount of the note and the notarial fees, and the evidence was conflicting as to whether the plaintiff agreed to this proposition. But on the following day the plaintiff paid to the bank the amount due on the note and the notarial fees, erased his own indorsement, and thereafter brought this suit upon the note against the defendant. At the trial, the court ruled that there was no question for the jury, and directed a verdict for the plaintiff.

It is not contended that the evidence that the plaintiff, after the parties to this action had received notice of the dishonor of the note, assented to the defendant's proposition that each of them should pay to the holder of the note one half of the amount due upon it and the notarial fees, would justify a finding that when the defendant and the plaintiff made their indorsements there was an understanding or agreement between them that the liability of either should be different from that which the law would impose in the absence of a special agreement between themselves. Such an agreement may always be given in evidence, and if proved will fix the rights of the parties to it in accordance with its terms. *Weston* v. *Chamberlin*, 7 Cush. 404. *Clapp* v. *Rice*, 13 Gray, 403, 406. *Mulcare* v. *Welch*, 160 Mass. 58, 61. In the absence of such an agreement, the rights of the parties are fixed by the law itself, and it is well settled by our decisions that in the present case the rights of the defendant and the plaintiff as to each other were those of suc-

cessive indorsers. Whether the maker of the note indorsed it before or after the indorsements of the defendant and the plaintiff were affixed was immaterial, if the maker indorsed the note before it was discounted. In the form in which the note then was, the plaintiff and the defendant were not makers, but were indorsers of a note which was in effect a note payable to the bearer, and their rights as to each other were not those of joint makers, or of co-sureties, or co-guarantors, but were those of successive indorsers. *Clapp* v. *Rice*, 13 Gray, 403. See also *Bigelow* v. *Colton*, 13 Gray, 309; *Lake* v. *Stetson*, 13 Gray, 310, *n.*; *Stimson* v. *Silloway*, 13 Gray, 405, *n.*; *Powers* v. *Eastman*, 13 Gray, 405, *n.*; *Mulcare* v. *Welch*, 160 Mass. 58; *Moore* v. *Cushing*, 162 Mass. 594.                    *Exceptions overruled.*