JOHN P. SHEA *vs.* JAMES H. VAHEY & another.

Suffolk. March 10, 1913. — May 24, 1913.

Present: RUGG, C. J., HAMMOND, LORING, SHELDON, & DE COURCY, JJ.

*Bills and Notes,* Liability of indorsers. *Contract,* In writing. *Evidence,* Extrinsic affecting writings.

In an action brought on behalf of one indorser of a note against one of two other indorsers, the defendant may be allowed to show that the indorsements were for accommodation and that by an oral agreement among the indorsers his liability in no event was to exceed one third of the amount at any time due on the note; and if such an agreement is proved, his liability is governed thereby irrespective of the order in which the indorsers signed the note.

If a promissory note is payable to the order of the maker and is indorsed in blank by the maker and by several accommodation indorsers, who orally have agreed among themselves as to the proportions for which they shall be liable in case of a default by the maker, and one of the accommodation indorsers, after a default by the maker, pays the entire amount due on the note to the holder and then writes above the indorsements on the note the words, "Pay to the order of" an agent of such indorser, *it seems,* that an action in the name of the agent against another of the indorsers cannot be maintained upon the note, the remedy of the indorser who paid being by an action upon the oral agreement of the indorsers for contribution.

CONTRACT, against James H. Vahey (hereinafter called the defendant) and the Plymouth Stove Foundry Company, upon a promissory note of that company payable to its own order and indorsed to the plaintiff by the company, the defendant Vahey,

Mary A. Gavin (afterwards Fenton), Thomas J. Gavin and Jennie A. Gavin. Writ dated July 10, 1908.

In the Superior Court the case was tried before *Wait*, J. The Plymouth Stove Foundry Company was defaulted and judgment was entered against it under Rule 23 of the Superior Court.

It appeared that the note, having been indorsed by all the indorsers in blank, had been discounted by the Union Market National Bank.

The plaintiff contended, and there was evidence to support his contentions, that the Union Market National Bank had sold the note to one Gleason, who had brought the action through the plaintiff as his agent.

The defendant contended and his evidence tended to show that Mrs. Fenton, one of the accommodation indorsers of the note, having borrowed the necessary amount from one Gleason, caused R. W. Sawyer, Jr., Esquire, who was associated with the firm of Brandeis, Dunbar and Nutter, her attorneys, to pay to the Union Market National Bank the amount due upon the note, the bank by its cashier signing a receipt as follows: "Received of R. W. Sawyer, Jr., twenty-four hundred ninety-six dollars for which sum we have this day sold and delivered to him a note for $2250, signed by Plymouth Stove Foundry Co. dated Apr. 23, 1906, and maturing Aug. 23, 1906." The words "Pay to the order of John P. Shea" then were written above the indorsements on the back of the note and this action was brought.

The defendant also, subject to an exception by the plaintiff, was allowed to introduce evidence tending to show that there had been an agreement among the indorsers at the time of the indorsements that the liability of each should not exceed one third of the amount due on the note.

In his charge, the judge instructed the jury in part as follows: "If Mr. Gleason is the owner, the verdict should be for the full amount and interest. If Mrs. Fenton is the real owner, and no agreement with regard to Mr. Vahey's liability was entered into, or if no such agreement is proved by a fair preponderance of the evidence, then the verdict is for the plaintiff for the full amount and interest. If the agreement testified to by Mr. Vahey was made, then Mrs. Fenton is entitled to recover one half of the amount of the note and interest, if the agreement was that they

were to share equally. If it was not that, but was made, and Mr. Vahey's liability was to be one third, and Mrs. Fenton is the owner, then she is entitled to recover one third the full amount and interest."

The plaintiff excepted to portions of the charge as follows:

"1. As to so much of the charge as permitted the jury to find a verdict for the plaintiff for less than the full amount of the note.

"2. As to so much of the charge as permitted the jury to find a verdict as small as one third of the amount of the note.

"3. As to so much of the charge as leaves it possible for the jury to find a liability of one third of the amount of the note."

The jury found for the plaintiff in the sum of $891.62, being one third of the amount of the note with interest. The plaintiff alleged exceptions.

*E. F. McClennen,* for the plaintiff.

*G. L. Mayberry,* (*P. Mansfield* with him,) for the defendant Vahey.

RUGG, C. J. There was evidence from which it might have been found that the plaintiff was simply the agent of one of the indorsers of the note in taking up the note after maturity and in bringing this action.

The defendant was the first of the four indorsers upon the note. The true relation as between themselves of parties liable on a note may be shown by oral evidence in actions between them to determine their respective obligations. It is only in the absence of proof to the contrary that the law fixes the legal effect of their liability on the instrument in accordance with the order of the signatures. *Enterprise Brewing Co.* v. *Canning,* 210 Mass. 285. When an outside agreement is proved, the rights of the parties as to each other are fixed in accordance with its terms regardless of the order in which the signatures appear on the note. *Lewis* v. *Monahan,* 173 Mass. 122. There was ample evidence to support a finding that the indorsers, of whom there were three at the outset, agreed before signing the original note that they should share equally whatever they might be required to pay on it, and that later when the wife of one of the three signed a renewal of the original note, making four indorsers, it was agreed that the proportion of liability of the defendant should remain the same. The jury, as shown by the verdict, believed that this agreement

was made.    The plaintiff technically was not entitled to recover on the note.    The action should have been by the indorser who has paid for contribution upon the oral agreement.    The rulings were sufficiently favorable to the plaintiff.

*Exceptions overruled.*