R. CHANDLER DAVIS *vs.* PERCY G. ELWELL.

Essex.    December 5, 1922. — March 2, 1923.

Present: RUGG, C.J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Practice, Civil,* Exceptions, Requests and rulings. *Bills and Notes,* Indorser.

An exception to a refusal by a trial judge to give a ruling, applicable to an issue
on trial and correct in form, will not be sustained if it appears that the ruling
was given in substance in instructions to the jury.

An exception to a refusal by a trial judge to give a ruling, applicable to an issue
on trial and correct in form but predicated upon the jury's finding a certain
fact, will not be sustained if it appears that the jury did not find such fact.

At the trial of an action upon a negotiable promissory note by one, who at the same
time was the payee and one of four indorsers before delivery of the note, against
a prior indorser, the defendant contended and introduced evidence tending
to show that "an agreement was made by the plaintiff and defendant and
other indorsers on the note among themselves, that they should assume equal
responsibility for the payment thereof, and that no indorser should be liable
for more than one fourth of the amount of the note," and that therefore the
plaintiff could not recover from the defendant the full amount of the note;
and he asked for a ruling that, if such agreement was found to exist, the find-
ing should be for the defendant and the plaintiff's remedy was upon such agree-
ment and not upon the note. The ruling was refused. The judge in substance
charged the jury that, unless they were satisfied that such an agreement was
made, their verdict should be for the plaintiff in the full amount of the note.
The jury found for the plaintiff in the full amount of the note. *Held,* that
the ruling should have been given, but that the defendant was not harmed,
as the jury must have found that the agreement was not made.

A further defence in the action above described, in which it appeared that the
payee and the other indorsers all were the directors of a corporation, was that
the plaintiff had violated an agreement and vote of the directors that the pro-
ceeds of the note should be retained to meet it at maturity; and the defendant
asked for a ruling that, if the plaintiff had been guilty of such conduct, he
could not recover. The ruling was refused. *Held,* that the refusal was proper,
as, even if the facts were as assumed in the ruling asked for, the liability of
the plaintiff for an unauthorized expenditure of the corporation's money pre-
sumably would be to the corporation and not to a creditor or stockholder.

CONTRACT upon a promissory note described in the opinion.
Writ dated May 21, 1921.

In the Superior Court, the action was tried before *Lawton,* J.
Material evidence is described in the opinion. At the close of the
evidence, the defendant asked for the following rulings:

"1. If the jury find that an agreement was made by the

plaintiff and defendant and other indorsers on the note among themselves, that they should assume equal responsibility for the payment thereof, and that no indorser should be liable for more than one fourth of the amount of the note, the plaintiff cannot recover from the defendant the full amount of said note.

"2. Said agreement between the said four indorsers on said note may be express or implied, and if the jury find that under all the circumstances of the case, it was understood by all parties to said note that as between themselves they were to be equally liable, the plaintiff cannot recover the full amount of said note.

"3. If the jury find that said agreement between said indorsers was made providing that, as between themselves, they should be equally liable on said note, the plaintiff cannot recover, as his remedy is by suit upon said agreement and not upon said note itself.

"4. If the plaintiff was instructed by the other officers and members of the Cape Ann Omnibus Company, including the plaintiff, to retain the proceeds of said note as a fund for the payment of the same at maturity, and the plaintiff agreed to do so, and later expended said fund for other purposes, in violation of said instruction and agreement, he cannot recover."

The second, third and fourth rulings were refused in the form in which they were asked for. In his charge, the judge stated: "You are to ask yourselves this one single question: Does the evidence here satisfy us that there was that agreement made between the parties, assented to and agreed to by this defendant, that instead of being liable as they are liable on the note, if nothing else is said, whether there was this agreement made, assented to by this plaintiff, that they should be liable equally, each for a quarter part of the note. Unless the defendant has satisfied you that that arrangement was made, your verdict should be for the plaintiff for the amount of $1,566."

Other material instructions to the jury are described in the opinion. The jury found for the plaintiff in the sum of $1,566; and the defendant alleged exceptions.

*F. H. Tarr,* for the defendant.

*R. C. Davis,* (*E. S. Taft* with him,) for the plaintiff.

DE COURCY, J. The note in suit was made by the Cape Ann Omnibus Company, payable to the order of the plaintiff Davis,

and indorsed by the directors of the corporation, Antoine A. Silva, William Costa, Percy G. Elwell and R. Chandler Davis. It was not paid by the corporation at maturity, and was taken up by the plaintiff at the Gloucester Safe Deposit and Trust Company, where it had been discounted. Davis brought this action against the defendant as prior indorser, and obtained a verdict.

The main contention of the defendant at the trial was that when the note was made the four indorsers agreed that as among themselves they should bear an equal liability in case the note should not be paid by the corporation. The testimony was conflicting as to the making of such an agreement. The negotiable instruments act, R. L. c. 73, § 85 (now G. L. c. 107, § 91), provided "As respects one another indorsers are liable *prima facie* in the order in which they indorse; but evidence is admissible to show that as between or among themselves they have agreed otherwise." As was said in *Mulcare* v. *Welch*, 160 Mass. 58, 61, "But nothing less than actual agreement between them will change the liability imposed by law in consequence of the several undertakings shown by the note itself." See also *Enterprise Brewing Co.* v. *Canning*, 210 Mass. 285. The trial judge fully and correctly instructed the jury on this subject, even though he did not give the defendant's second request in terms. Among other things he said: "the defendant . . . has got to satisfy you that there was a statement made that was assented to, either by his word or by his act, by this plaintiff, that that arrangement should be entered into and agreed that they should all be bound equally and that each should be obliged to pay one quarter part of the note if the note had to be paid." And this instruction was repeated in substance more than once.

The third request should have been given. If the agreement had been established, technically the plaintiff's remedy would not be to recover on the note, but a suit for contribution based upon the agreement. *Shea* v. *Vahey*, 215 Mass. 80. However, the error did not affect the substantial rights of the defendant; because the jury, as shown by the verdict, found that the alleged oral agreement was not made.

The fourth request dealt with an alleged agreement and votes of the directors to retain the proceeds of said note for the purpose of paying the note at maturity, and the expenditure of the same

by the plaintiff as treasurer for other purposes, in violation of such vote and agreement. It appears by the corrected record that by the vote of the directors on December 15, 1920, the treasurer was directed to "deposit the proceeds thereof in the company's account at said bank." The money was so deposited, and was used to pay the current expenses of the corporation. On January 12, 1921, on the suggestion of the directors $500 of this money was deposited in a special account, — apparently to prevent an attachment by creditors; but on January 24 the directors voted that the treasurer should disburse this for "current expenses as they come due." In short, the record fails to disclose an unauthorized expenditure of the proceeds of the note by the plaintiff, on which the defendant relies for an equitable defence. Even if the facts were as assumed in said fourth request, the liability of the plaintiff for an unauthorized expenditure of its money presumably would be to the corporation and not to a creditor or stockholder. *Converse* v. *United Shoe Machinery Co.* 185 Mass. 422. See *Bartlett* v. *New York, New Haven & Hartford Railroad*, 226 Mass. 467. There was no error in refusing to give the fourth request, nor in the ruling that the alleged unauthorized use of the proceeds of the note by the plaintiff would not constitute a defence for the defendant to the payment of the note.

*Exceptions overruled.*