## GEORGE G. TAIT *vs.* CHARLES J. DOWNEY.

Hampden. April 8, 1929. — May 31, 1929.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Equity Pleading and Practice,* Findings by judge; Appeal: dismissal for failure to enter forthwith. *Bills and Notes,* Holder in due course, Indorser. *Res Judicata. Contract,* Of indorsers on note. *Evidence,* Competency, Extrinsic affecting writings.

A motion in this court to dismiss an appeal from a final decree entered in the Superior Court on the ground that it was not entered here "forthwith" in accordance with the provisions of G. L. c. 214, § 19, was denied where the only facts set out in the affidavit in support of the motion were that the final decree was filed on December 17, 1928, notice of appeal was filed on January 3, 1929, "and that the order for the printing of the record for perfecting appeal was given . . . to the clerk . . . on January 7, 1929."

Where, upon an appeal from a final decree in a suit in equity in the Superior Court, the record did not show that a stenographer was appointed to take the evidence under G. L. c. 214, § 24, Equity Rule 29 (1926), and there was a statement by the judge of findings, rulings and an order for a final decree, the only question of fact presented to this court was whether the specific facts stated were necessarily inconsistent with the general conclusion reached.

One of several indorsers of a promissory note before delivery brought a suit in equity to compel the payee, in accordance with an oral agreement made by him with the plaintiff before he indorsed and delivered the note to a trust company of which he was a vice president and director, to contribute a proportional part of an amount which the plaintiff had been compelled to pay toward the satisfaction of a judgment which a nominee of the trust company had recovered. It appeared that, in such action by the trust company's nominee, the defendant in the suit in equity was not a party of record although he was cognizant of and approved the action and acted in concert with the trust company therein, and that the defendants therein, including the plaintiff in the present suit, in their answer set up as a defence that the defendant in the present suit had agreed to indorse the note and to be liable thereon but, without knowledge of the de-

fendants in the former action, had not indorsed before delivery, but had attempted to escape the payment of his share of the original indebtedness by assigning and indorsing to the plaintiff in that action the note described in the declaration. *Held,* that the judgment in the action at law was not *res judicata* as to the claim set up by the plaintiff in the suit in equity.

In the suit in equity above described, it further appeared that the defendant originally had been liable upon a note as indorser with the plaintiff and others; that a renewal note was given, at the defendant's request, payable to the defendant's order, the others again indorsing on his oral agreement with them that, notwithstanding the form of the new transaction, he would assume responsibility equally and jointly with them as though he had indorsed the new note; that thereafter he indorsed such note as payee and delivered it to his trust company; that, on the maturity of that note and after bankruptcy of the maker of the note, a further note, likewise payable to the defendant and indorsed by the others, including the plaintiff, was procured upon the same assurance and agreement of the defendant and that this collateral note afterwards was indorsed by the defendant as payee, was delivered to his trust company, and was included as a claim in the action at law above described. *Held,* that

(1) A contention of the defendant that he was a holder in due course of the notes was not supported by the evidence;

(2) Parol evidence was admissible to establish between the parties to the note a collateral agreement that as between themselves the parties should stand in a different relation from that which would be inferred from the form of the instrument signed, no matter in what form their obligation may have been expressed therein;

(3) The parol evidence established the liability of the defendant to contribute;

(4) It appearing that only the defendant and two of the several indorsers were solvent, the defendant was required to contribute one-third of the amount paid to discharge the obligation.

BILL IN EQUITY, filed in the Superior Court on July 14, 1927, and described in the opinion.

In the Superior Court, the suit was heard by *Lummus,* J. There was no order for the appointment of a stenographer to take the evidence under G. L. c. 214, § 24, Equity Rule 29 (1926). Material facts found by the judge are stated in the opinion. By his order, a final decree was entered that the defendant pay to the plaintiff the sum of $3,084.52, and costs, but without prejudice to any further right or remedy of the plaintiff and D. H. Sievers to share in the proceeds (amounting to $1,822.56) of the mortgage of personal property given by Ford's Wawbeek Springs Inc., to the defendant, dated December 23, 1920. The defendant appealed.

The motion by the plaintiff in this court to dismiss the appeal is stated in the opinion. The only facts stated in the affidavit in support of the motion were "that the final decree in said case was filed in the Superior Court of Hampden County on December 17, 1928; that the notice of appeal of the defendant was filed in the Superior Court of Hampden County on January 3, 1929; and that the order for the printing of the record for perfecting appeal was given by the defendant or his counsel to the clerk of the Superior Court of Hampden County on January 7, 1929."

*J. P. Kirby,* for the defendant.

*J. E. Kerigan,* (*J. E. Murphy* with him,) for the plaintiff.

PIERCE, J. This is a suit in equity brought by George G. Tait, an indorser on a note of a corporation called Ford's Wawbeek Springs, Inc. against a subsequent indorser, Charles J. Downey, on an oral agreement, made by all the indorsers together, that each would be responsible for his share of the liability incurred by indorsement in the event the maker failed to pay the note when due.

A final decree for the plaintiff was entered in the Superior Court for Hampden County on December 17, 1928. Notice of appeal was filed in that court by the defendant on January 3, 1929. An order was given by the defendant on January 7, 1929, to the clerk of that court to print the record for perfecting the appeal. On April 8, 1929, the plaintiff filed in this court a motion that the appeal be dismissed "because the appeal from the final decree of the Superior Court was not entered in the Supreme Judicial Court forthwith as required by statute and rules." In the absence of a charge to the contrary in the affidavit, it is assumed the necessary deposit to cover the expenses of printing the papers and preparation of copies was given the clerk with the order to print. Under G. L. c. 231, § 135, and c. 214, § 19, it was the duty of the clerk to make up and print the copies and papers relating to the appeal, and the duty of the appellant when the record is completed to "forthwith" enter the case in the Supreme Judicial Court. *Cobb* v. *Rice,* 128 Mass. 11, 12. *Griffin* v. *Griffin,* 222 Mass. 218, 220. *Loonie* v. *Wilson,* 233 Mass. 420, 424. *Silverstein* v. *Daniel Russell Boiler*

*Works, Inc.* 254 Mass. 137, 140. *Lanza* v. *Leveroni,* 266 Mass. 563. On the facts, the direction of the defendant to the clerk to print the record required to be prepared and transmitted to the full court was given "forthwith." It follows that the motion to dismiss the appeal must be denied, and it is so ordered.

The testimony is not reported. Upon the defendant's request filed December 20, 1928, for a report of material facts, the judge found the facts to be as stated in his findings, rulings and order for a final decree filed December 7, 1928. *Berman* v. *Coakley,* 257 Mass. 159, 161. It follows that the only question presented on this aspect of the case is whether the specific facts stated are necessarily inconsistent with the general conclusion reached. *Cleveland* v. *Hampden Savings Bank,* 182 Mass. 110, 111.

The report of material facts is in great detail and completeness. It appears therein that on August 10, 1920, Ford's Wawbeek Springs, Inc. gave its promissory note to the order of the Atlas Trust Company. Before delivery it was indorsed in blank by eight persons who were investors in the maker corporation. Of these persons Charles J. Downey is the defendant and George .G. Tait is the plaintiff. When due, on November 10, 1920, the note was not paid; it was dishonored, duly protested, and notice of the dishonor given to the indorsers. Of the indorsers, Sievers, Downey and Tait were and are still men of large means.

At the suggestion of the defendant a note was given him in the following form: "$6200. December 23, 1920. Three months after date we promise to pay to the order of Charles J. Downey Sixty-two hundred and no/100 dollars. Payable at Atlas Trust Co. Springfield, Mass. Value Received. (signed) Ford's Wawbeek Springs ·Inc., Wilbur C. Caldwell Treas." Before delivery this note was indorsed by Wilbur C. Caldwell, Thomas J. Flanagan, George G. Tait, D. H. Sievers, all of whom were investors in Ford's Wawbeek Springs, Inc. The defendant, in accordance with the arrangement under which the note was given, added his name by way of indorsement in blank after the delivery of the note, and negotiated it on December 23, 1920, to the Atlas Trust

Company, which applied $6,000 of the proceeds of the note in payment of the earlier note of August 10, 1920, and retained the additional $200 of face value of the note by way of discount or interest.

Before this note was executed and delivered to Downey, at a meeting at which the four indorsers and Downey were present, the question arose whether Downey by this transaction would escape liability under his indorsement of the note of August 10, 1920. Downey assured the other indorsers that, notwithstanding the form of the new transaction, he would assume responsibility equally and jointly with them as though he had indorsed the new note, explaining that the form of the new transaction was one insisted on by the Atlas Trust Company, of which Downey was a vice-president. The trial judge specifically found "that Downey and the four indorsers before delivery of the new note of December 23, 1920, agreed among themselves at the time said note was given to share equally and jointly the liability of indorsers of said note." As a part of the same transaction, with intent to secure all the indorsers of the note of December 23, 1920, and also to secure Downey, Ford's Wawbeek Springs, Inc. gave Downey a chattel mortgage upon its assets, which Downey assigned to the Atlas Trust Company. Ford's Wawbeek Springs, Inc. was adjudicated a bankrupt on March 10, 1921, upon a petition filed February 24, 1921. The chattel mortgage, upon litigation in the course of the bankruptcy proceedings, was adjudicated to be valid as against the trustee in bankruptcy. The Atlas Trust Company, and through it the defendant, received the sum of $1,822.56 upon the sale of the assets covered by the mortgage; this sum the defendant still holds.

On March 23, 1921, when the note of December 23, 1920, became due, it was dishonored and duly protested, and notice of dishonor was duly given to the indorsers. At that time a new note was given the defendant Downey in the following form: "$6000. March 23, 1921. Sixty days after date we promise to pay to the order of Charles J. Downey Six thousand no/100 Dollars Payable at Atlas Trust Co. Springfield, Mass. Value received. This note is Collateral to and **not**

payment of a note for $6200. given by this company to this payee dated Dec. 23, 1920. (signed) Ford's Wawbeek Springs Inc. R. D. Cram, Asst. Treas." The contention made by the defendant at the trial, that R. D. Cram, assistant treasurer, was without authority to execute the note of March 23 in behalf of the maker of it, is formally abandoned in his brief. Otherwise considered, his position was rightly disregarded. All indorsers, including Downey, became liable to the Atlas Trust Company because of their implied warranties. G. L. c. 107, § 89. No new consideration was received for this note other than forbearance to sue upon the earlier note until maturity of this note. Before delivery this note was indorsed by the same persons who indorsed the note of December 23, 1920, and their names appeared on the back of the note in the same order. The indorsers put their names on the note before delivery to Downey and entrusted the note so executed to R. D. Cram on the understanding with Cram that he was not to deliver the note to Downey unless Downey should state orally to Cram, acting on their behalf, that he assumed responsibility equally and jointly with the other indorsers of the note of March 23, 1921, as though he had indorsed it. Downey so stated to Cram and Cram delivered the note to him. Downey then added his name by way of indorsement in blank after delivery of this note of March 23, 1921, and on that day, in accordance with his arrangement with the other parties thereto, negotiated it to the Atlas Trust Company, which held it as collateral security for the same debt already represented by the note of December 23, 1920. As respects the collateral note, the trial judge specifically found that "Downey and the four indorsers before delivery of the note of March 23, 1921, agreed among themselves at the time said note was given to share equally and jointly the liability of indorsers of said note." When the collateral note became due it was dishonored and duly protested, and notice of dishonor was duly given to the indorsers.

After the dishonor of said notes the Atlas Trust Company by delivery nominally transferred the notes of December 23, 1920, and March 23, 1921, respectively to one Cwiklinski, to

hold them as its agent. By writ dated August 27, 1923, Cwiklinski brought an action of contract against Wilbur C. Caldwell, Thomas J. Flanagan, George G. Tait and D. H. Sievers, the four indorsers of the notes. Caldwell and Flanagan were insolvent and made no substantial defence to the action; Caldwell nominally appeared and answered. The defendants Tait and Sievers, on the assumption that Downey and not the Atlas Trust Company was the holder of the notes and the real party in interest, among other answers alleged "that said Charles J. Downey, the payee named in said note, was one of the indorsers on a previous note upon which the note specified in the plaintiff's declaration was ostensibly drawn in payment of and that said Charles J. Downey, being liable as one of the indorsers of the original note, agreed to indorse the note specified in plaintiff's declaration and agreed to continue responsible for payment of same, but without the knowledge of the said defendants the said Downey did not indorse said note but has attempted to escape the payment of his share of the original indebtedness by assigning and indorsing the note described in the plaintiff's declaration to the plaintiff, the plaintiff being connected with the Atlas Trust Company a bank of which the said Downey is and was a director." At the trial this answer was the only defence relied on.

Before the entry of judgment the attorneys for the plaintiff filed an affidavit to the effect that the real party in interest was the Atlas Trust Company and not Cwiklinski, and moved for judgment. Downey, though not a party to the record, was cognizant of and approved of the motion and acted in concert with the Atlas Trust Company. On the motion the trial judge found the real party in interest was the Atlas Trust Company, and ordered judgment on the verdict. Judgment was entered on September 20, 1926, for a total of $8,046.21, upon which an execution issued on the same day and was satisfied in full on January 31, 1927, by the payment of $8,316.54 by the present plaintiff.

The defendant Downey testified that Cwiklinski, in bringing the action, was acting for the Atlas Trust Company to prevent its name from appearing as plaintiff, and that the

Atlas Trust Company was the owner of the notes. He further testified, and the judge found it to be a fact, that some months after the action was brought the Atlas Trust Company actually set off the note or notes against his deposit, and thereby paid the notes and debt. It is plain the defence of *res judicata* upon the facts was not open to Downey as an answer to the present suit. He was not a party plaintiff or defendant in that action, and he did not seek to intervene. The defence interposed under G. L. c. 231, § 31, by the plaintiff, who was a defendant at the earlier trial, was found by the judge and admitted by Downey and the Atlas Trust Company to be without any substantial foundation. The fact that while the action was pending against the indorsers Downey was compelled to pay the notes was immaterial. His right against these indorsers and their rights against him were not upon the notes but upon their agreement for contributions. *Shea* v. *Vahey*, 215 Mass. 80. *Davis* v. *Elwell*, 244 Mass. 256. See *Lennon* v. *Cohen*, 264 Mass. 414, 419.

The evidence does not support the contention of the defendant that as payee he was a holder in due course of the notes dated December 23, 1920 and March 23, 1921. He gave nothing and promised nothing to the maker of them. As vice-president of the Atlas Trust Company he was the medium through whom, without publicity, the maker of the notes was to come in contact with the Atlas Trust Company and have its commercial paper discounted by that company. There is no finding or evidence to warrant a finding that either note was given the payee in consideration of the payee's past or future forbearance to sue the maker of notes for any cause of action. Indeed, before his payment of the notes he had no right of action in any form against the maker of them. At the maturity of the notes he was not the holder of either of them; and after maturity they were not assigned by the holder to him. Because of his indorsement he paid nothing before the notes were put in suit.

It is the settled law in this Commonwealth that the relation the parties to a note bear to each other is to be determined by the face of that instrument, in the absence of a special

agreement. It is equally well settled that parol evidence is admissible to establish between the parties to the note a collateral agreement that as between themselves the parties shall stand in a different relation from that which would be inferred from the form of the instrument signed, no matter in what form their obligation may have been expressed. G. L. c. 107, § 91. *Sweet* v. *McAllister,* 4 Allen, 353. *Mansfield* v. *Edwards,* 136 Mass. 15, 18, and cases cited. *Shea* v. *Vahey, supra. Davis* v. *Elwell, supra. Buckley* v. *Hacking,* 258 Mass. 525. The parol evidence here establishes the liability of the defendant to contribute. Since the plaintiff, the defendant, and Sievers are the only solvent indorsers, the defendant must contribute one third of the amount paid to discharge the obligation. *Cary* v. *Holmes,* 16 Gray, 127. *Putnam* v. *Misochi,* 189 Mass. 421, 424.

The final decree is affirmed with costs and interest from the entry of such decree.

*Decree accordingly.*