HERBERT PEARSON, receiver, *vs.* JOSEPH F. O'CONNELL.

Suffolk.    May 16, 17, 1935. — September 11, 1935.

Present: RUGG, C.J., PIERCE, DONAHUE, LUMMUS, & QUA, JJ.

*Evidence,* Presumptions and burden of proof. *Practice, Civil,* Requests, rulings and instructions; Exceptions: whether error harmful.

At a trial without a jury where the evidence supported both the plaintiff's case and an affirmative defence as to which the defendant had the burden of proof, it was reversible error for the trial judge, though he found for the defendant, to give a ruling requested by the defendant, that "upon all the evidence the plaintiff is not entitled to recover."

CONTRACT. Writ dated May 27, 1925.

The action was heard in the Superior Court by *Donnelly,*

J., without a jury. There was a finding for the defendant. The plaintiff alleged exceptions.

J. C. *Coughlin*, (*Haven Parker* with him,) for the plaintiff.

A. C. *Kellogg*, for the defendant.

LUMMUS, J. The defendant, on June 1, 1921, gave to Metropolitan Trust Company the note upon which this action is brought. It was for $5,780, payable on demand, and was secured by a pledge of twenty-five shares of the preferred stock and five shares of the common stock of Industrial Finance Company, and bonds of Virginia Food Products Company of the face value of $5,000. The loan for which the note was given was not a new one, and the payee soon demanded payment.

The defendant's evidence tended to prove the following facts. When payment was demanded, the defendant proposed to sell the pledged securities to obtain the needed money. The payee did not wish him to sell the stock, because that might affect the control of the corporation, in which the officers of the payee were interested. An investment banking corporation named Hodgdon, Cashman Company, which was "the market" for the bonds, did not wish him to hurt the market by selling the bonds. The result was, that Hodgdon, Cashman Company gave the payee its note, secured by the same collateral, in substitution for the defendant's note. The payee did not perform its promise, made by one Stickney as its treasurer, to return to the defendant his note. The defendant's note was negotiated by the payee to Federal Trust Company in September, 1922, when that company "took over" the payee. The Federal Trust Company later became Federal National Bank of Boston, of which the plaintiff is receiver, and sometime afterwards this action was brought. The defendant relied on the transaction just described as an extinguishment of the note by novation. *Hedge* v. *McQuaid*, 11 Cush. 352. *Woods* v. *Woods*, 127 Mass. 141. *Stoughton Trust Co.* v. *Pike*, 282 Mass. 39. G. L. (Ter. Ed.) c. 107, § 142, cl. 4. *Jones* v. *Wettlin*, 39 Wyo. 331; *S. C.* 69 Am. L. R. 840. *Bank of the United States* v. *Manheim*, 264 N. Y. 45. There was a finding for the defendant.

Grave doubt exists as to the sufficiency of the evidence of Stickney's authority to bind the payee by the transaction described.   But we think it better simply to sustain one exception which appears to be well taken, and to grant a new trial, rather than to try to dispose of the case finally at this time.   The burden, of course, was on the defendant to prove that his note had been extinguished.   The tribunal of fact would not have been bound to believe the evidence for the defendant, already summarized, even if it had been uncontradicted.   *Lindenbaum* v. *New York, New Haven & Hartford Railroad,* 197 Mass. 314, 323.   *Topjian* v. *Boston Casing Co. Inc.* 288 Mass. 167.   *Great Barrington Savings Bank* v. *Day,* 288 Mass. 181.   *Salem Trust Co.* v. *Deery,* 289 Mass. 431.   For that reason, if for no other, it was error, in the opinion of a majority of the court, to grant the defendant's first "request for ruling" that "Upon all the evidence the plaintiff is not entitled to recover in this action."   Although it is hard to believe that the granting by an experienced judge of this request as a ruling of law was other than an inadvertence, we cannot pronounce it harmless, nor construe the proposition stated in the request as a mere general conclusion of fact and law, as in *Morse, Williams & Co.* v. *Ellis,* 172 Mass. 378, *Patterson* v. *Ciborowski,* 277 Mass. 260, 267, *Castano* v. *Leone,* 278 Mass. 429, 430, 431, and *Sylvester* v. *Shea,* 280 Mass. 508, 510.

*Exceptions sustained.*