No. 558 · Western Berkshire, ss.

DUNN et al. (Daniel E. Kiley, Jr.)
v. NORTHERN BERKSHIRE GAS CO.
(William A. O'Hearn)

From the District Court of Williamstown—Ruby, J.

Argued May 27, 1941—Opinion Filed June 27, 1941

RILEY, J. (Hibbard, P.J., & Parker, J.)—The plaintiffs claim to be aggrieved by the rulings, refusal to rule and findings of the trial judge who found for the defendant in this action of tort.

The Declaration alleges that the defendant, through its servants or agents—acting within the scope of their employment, negligently left the door of the plaintiffs' cellar unclosed and thereby caused damage to the plaintiffs' water pipes, water tank, and flower bulbs.

At the outset a question of practice arises. It appears from the Report that the defendant rested at the close of the plaintiffs' evidence and filed certain Requests for Rulings. The plaintiffs then filed their Requests for Rulings and from the bench the judge denied all the Requests of the plaintiffs in writing and granted all the Requests of the defendant in writing and made a finding for the defendant in writing upon the face of the writ.

From the Report, the docket and arguments of counsel, it appears that after the plaintiffs had filed a Request for a Report to the Appellate Division the presiding judge later filed certain so-called rulings regarding the plaintiffs' Requests.

The plaintiffs contend that these rulings of the court in reference to their Requests are improperly included in the Report. However, that contention is not open to them at this stage of the case as the Report is that of the trial judge and we must take it as we find it. *Kelley* v. *Foley,* 284 Mass. 503, 509. This does not mean, however, that we cannot pass upon the effect of these so-called rulings of the court made after the Claim of Report had been filed. It has frequently been held that a trial judge may file his disposition of Requests for Rulings after he has filed his findings and may revoke and alter findings previously made by him before final judgment has been entered in the case. *Cameron* v. *Buckley,* 299 Mass. 432. *Peterson* v. *Hopson,* Mass. A. S. (1940) 1389, 1393 and cases cited. The decisive test as to the right of the court to revoke, alter or amplify his findings, decisions and rulings seems to be whether or not the right of review of the judge's ruling is prejudiced by such action.

In the case at bar the supplemental rulings of the trial judge consist principally of the reasons for his denial of the plaintiffs' Requests on the ground that he had found against the contentions of the plaintiffs as matter of fact. The practice of making findings of fact after Requests for Rulings have been refused and a Claim of Report filed, or of attempting to refuse Requests because not in accordance with facts found after such Requests have been refused unqualifiedly and a Request for a Report filed, is not approved. It may well prejudice the rights of a party seeking the review of a judge's ruling of law. Furthermore, it is inconsistent with that portion of Rule 28 of the District Court Rules (1940) which provides, "any special findings of fact by the trial justice *before the request for report has been filed* shall be incorporated in all draft reports and reports." Consequently, we will consider the action of the trial judge upon the Requests for Rulings in this case unaffected by his supplemental findings in relation to the plaintiffs' Requests.

The document entitled "Requests for Rulings" filed by the defendant seems in form to be a Request for Ruling that upon all the evidence the plaintiff was not entitled to recover, with specifications in accordance with the provisions of Rule 27 of the District Court (1940). The judge wrote the word "Allowed" after each of the four specifications, apparently treating each of the specifications as separate Requests. Counsel for the plaintiff has dealt with them in the same manner in his supplemental brief. It was observed by the court in *U. S. Fidelity & Guaranty Co.* v. *Sheehan*, M. A. S. (1941) 329 (26 B. T. L.) 208) it was said at 330 that "Counsel and judges not infrequently imperil decisions by needlessly seeking or making rulings that the conclusion reached is required as matter of law, when in truth it is merely warranted as matter of fact and therefore permissible as a finding of fact." That observation seems peculiarly pertinent in the case at bar. It seems likely that the trail judge intended to make all of the so-called rulings requested by the defendant as findings of fact, but the defendant, by the writing filed, asked for a ruling that as a matter of law it was entitled to a finding in its favor and the action of the judge indicates that he granted such request for each of the reasons or specifications designated by the defendant in his Request.

As no findings of fact were made, in accordance with the rules of the District Court, we cannot be certain whether such ruling, if erroneous, was prejudicial. If the ruling was wrong for any of the reasons allowed by the trial judge we think it brings the case at bar within the authority of *Pearson* v. *O'Connell*, 291 Mass. 527, *Bresnick* v. *Heath*, 292 Mass. 293 and *Home Savings Bank* v. *Savkranski*, M. A. S. (1940) 2115 (26 B. T. L. 111), rather than *Strong* v. *Haverhill Electric Co.*, 299 Mass. 455 and *Himmelfarb* v. *Novadel Agene Corp.*, 305 Mass. 499 and cases there cited.

We do not think it could be ruled as matter of law that a servant of a public service corporation, who comes upon one's premises to examine or regulate apparatus owned by his employer, is not negligent if he leaves a cellar door, obviously meant to be locked, open in freezing winter weather and thus causes damage to the occupant of the premises. See *Perry* v. *Smith*, 156 Mass. 340, *Bickford* v. *Richards*, 154 Mass. 163, 164.

Neither do we think that it could be ruled as matter of law that the plaintiffs had failed to prove that the defendant's servant had failed to close the door of the plaintiffs' cellar or left the door unclosed as set out in the second specification allowed by the judge. While there is no direct evidence in the Report that the defendant's employee left the door unclosed, a finding that he had done so was permissible upon the evidence reported. It would appear to be an ordinary example of circumstantial evidence.

Furthermore, there was testimony of the female plaintiff that it was her home and the male plaintiff testified that he paid

for repairs to the storage tank that was damaged, which precluded a ruling of law based on the third specification.

While a finding for the defendant was well warranted in this case, we do not feel that there is sufficient in the record for us to say that there was no prejudicial error in the manner in which the trial judge dealt with the defendant's general Requests for a Ruling in its favor, and a new trial will be ordered.