SARAH L. MOSELEY *vs.* CHARLES E. WASHBURN.
HERBERT MOSELEY *vs.* SAME.

Suffolk. January 16, 1896. — February 29, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Irregularity in Trial — Verdict — New Trial.*

At the trial of an action for making false answers in a case where the present defendant was summoned as trustee, the execution in that case was exhibited to the jury, and the judge pointed out a certain date and instructed them that, if they found for the plaintiff, the amount of the verdict should be a certain sum named in the execution with interest from the date pointed out. After the jury retired they sent to the judge, by the officer having them in charge, a note signed by the foreman, as follows: " Shall the jury compute interest from " a day named? The judge thereupon directed the officer to bring the execution from the jury room, which he did. The judge then pointed out to the officer on the execution the date which had been pointed out to the jury, and directed him to return the execution to the foreman and to point out to him the date which had been thus indicated. The officer did as he had been directed, and the jury found for the plaintiff, with interest computed according to their instructions. The defendant thereupon moved for a new trial. *Held,* that, while the practice adopted by the judge was not to be commended, the irregularity was not such as to require the verdict to be set aside.

TWO ACTIONS OF TORT, for making false answers in two cases where the present defendant had been summoned as trustee. The cases were tried together in the Superior Court, before *Hopkins,* J., who allowed a bill of exceptions, in substance as follows.

The plaintiffs put in evidence the executions which issued in the cases in question, and the judge, in his instructions to the jury, exhibited these executions, and pointed out a certain date upon each, and directed them that, in case their findings were for the plaintiffs, the amounts of their verdicts should be, respectively, certain sums named in the executions, with interest thereon at six per cent per annum from the date so pointed out to them to the day of their verdicts.

To these instructions no exception was taken. After the jury retired they sent to the judge a note by the officer having them in charge, of which the following is a copy: " Shall

the jury compute interest from April 23, 1890 ? John R. Poor, Foreman."

The judge thereupon directed the officer to bring from the jury room the two executions. The officer procured the executions and delivered them to the judge, who thereupon pointed out to the officer, on each execution, the date which had been pointed out to the jury, and directed him to return the executions to the foreman, and to point out to him the dates which had been thus indicated. The officer returned the executions to the foreman, and pointed out to him the dates, as instructed by the judge.

The jury returned a verdict for the plaintiff in each case, with interest computed according to their instructions.

Thereupon the defendant duly filed a motion for a new trial in each case, and requested the judge to rule, as matter of law, that the further instruction given to the jury in the cases, in the absence of counsel and after the jury had retired to the jury room, the instruction not having been given in open court, entitled the defendant to a new trial.

The judge declined so to rule, and overruled the motion for a new trial; and the defendant alleged exceptions.

*J. D. Long*, for the defendant.

*S. H. Tyng*, for the plaintiffs.

FIELD, C. J. These two actions were tried together, and the same questions of law arise in each case. Without considering whether, when two actions are tried together and exceptions are taken in each case, there should not be a bill of exceptions filed in each case, we proceed to consider the exceptions contained in the present bill.

It is undoubtedly true that "no communication whatever" affecting the decision of a cause "ought to take place between the judge and the jury, after the cause has been committed to them by the charge of the judge, unless in open court." *Sargent* v. *Roberts*, 1 Pick. 337. *Commonwealth* v. *Heden*, 162 Mass. 521. But it is also true that "it is not every irregularity which will render the verdict void and warrant setting it aside. This depends upon another and additional consideration, namely, whether the irregularity is of such a nature as to affect the impartiality, purity, and regularity of the verdict itself." *Commonwealth* v. *Roby*, 12 Pick. 496, 516. See *Merrill* v. *Nary*, 10 Allen, 416;

*Read* v. *Cambridge,* 124 Mass. 567; *Kullberg* v. *O'Donnell,* 158 Mass. 405.

The practice shown in the present cases is not to be commended; but we do not think that, as matter of law, it is necessary to set aside these verdicts. There was no dispute as to the time from which interest was to be reckoned, if the jury found for the plaintiffs. That time was shown by certain dates on executions which were in evidence, and which the jury had with them in the jury room. These dates had been pointed out to the jury by the presiding justice, in his charge in open court, and he had instructed the jury, if they found for the plaintiffs, that the amounts of the verdicts respectively should be certain sums appearing on the executions, with interest from the dates pointed out. The interest was therefore a mere matter of mathematical computation, which the court could order the jury to make, if the jury found for the plaintiffs. It appears that the jury actually computed the interest according to the directions of the court. Under these circumstances it is certain that the instructions sent to the jury by the officer had no tendency to influence the decision of the jury upon the merits of the causes, and the irregularity does not seem to us of sufficient importance to require the verdicts to be set aside on the ground that there is or should be an absolute rule of law in such a case. See *Mason* v. *Massa,* 122 Mass. 477.          *Exceptions overruled.*