VERNON E. CARPENTER, executor, *vs.* CHARLES B. FLEMING & another.

Middlesex.　January 11, 1901. — January 11, 1901.

Present: HOLMES, C. J., KNOWLTON, MORTON, BARKER, & LORING, JJ.

Under St. 1900, c. 372, providing for dismissing an appeal on application to the court in which the appeal was taken and notice to all parties interested, in case the party who has taken such appeal "either at common law or in equity" neglects to enter the question in the Supreme Judicial Court, or to take the necessary steps for a hearing by ordering proper copies to be prepared or otherwise, it was *held*, upon application to the full court to dismiss an appeal from a decree of a single justice affirming a decree of the Probate Court admitting a codicil to probate, that the application should be made before a single justice.

PETITION to dismiss an appeal, presented to the full court January 11, 1901.

The following facts were alleged in the petition : On May 22, 1900, a decree was made in the Probate Court for the county of Middlesex admitting to probate a certain instrument purporting to be the last will and testament and a codicil thereto of Louisa Fleming, late of Newton in said county. An appeal was taken to the Supreme Judicial Court for said county from said decree on June 18, 1900, by Charles B. Fleming and another. On October 19, 1900, the last named court made a decree admitting the said instruments to probate. On November 2, 1900, Charles W. Maker filed an appeal from the last named decree admitting to probate the alleged codicil. The said Maker neglected to enter the question raised by the said appeal in the Supreme Judicial Court and neglected to take the necessary steps by ordering proper copies to be prepared, or otherwise, for the hearing of the cause on the appeal.

The petitioner applied to this court for an order that the appeal

might be dismissed and the decree affirmed, for want of prosecution of the appeal.

It appeared that the petitioner had given due notice of his application to all parties interested.

Section 1 of St. 1900, c. 372, is as follows: " Section sixteen of chapter one hundred and fifty of the Public Statutes is hereby amended by striking out the whole of said section and inserting in place thereof the following: — *Section 16.* If a party who has taken an appeal or an exception which has been allowed, either at common law or in equity, neglects to enter the question in the Supreme Judicial Court, or to take the necessary steps, by ordering proper copies to be prepared or otherwise, for the hearing of the cause on the appeal or the exceptions, the court in which the appeal was taken or the exceptions were allowed may, upon the application of the adverse party, upon due notice to all parties interested, order that the exceptions be overruled or the appeal dismissed, and the judgment, opinion, order or decree affirmed."

*A. D. Hill,* for the petitioner.

HOLMES, C. J.   This application should be made before a single justice.

*Ordered accordingly.*