THOMAS E. MORAN'S CASE.

Suffolk. February 4, 1918. — June 25, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Workmen's Compensation Act*, Appeal, Compensation to minor whose wages may be expected to increase.

An appeal from a decree made by a judge of the Superior Court in a claim under the workmen's compensation act was taken by the employee on the day the decree was made and was not entered in this court until nearly three months later. Before that time the insurer had filed a motion that the appeal be dismissed for want of prosecution and a judge of the Superior Court had made an order allowing the motion unless the appeal should be entered in this court within thirty days, and the appeal was entered within that time. On the argument of the appeal the insurer filed a like motion in this court that the appeal be dismissed because not presented seasonably to the court, and it was *held* that the Superior Court had jurisdiction of the motion and had fixed the time within which the appeal might be entered and that under the circumstances the motion to dismiss the appeal made in this court must be denied.

On an application to the Industrial Accident Board under the provision of the workmen's compensation act contained in St. 1911, c. 751, Part II, § 22, as amended by St. 1914, c. 708, § 8, by a minor "that he be compensated . . . by the payment of a lump sum," the board in hearing the application gave the employee, who was eighteen years of age when injured, the benefit of St. 1915, c. 236, and findings were made as to increases in earnings which reasonably might have been anticipated if there had been no injury and as to what the employee would be able to earn in his injured condition, and on these findings as a basis the board awarded a lump sum, which was affirmed by a decree of the Superior Court. There was evidence which might have supported a somewhat larger award. On appeal it was *held* that the findings of the board, resting upon evidence whose weight and credibility were wholly for their consideration, could not be disturbed.

APPEAL to the Superior Court under St. 1911, c. 751, Part III, § 11, as amended by St. 1912, c. 571, § 14, from a decision of the Industrial Accident Board, upon an application of Thomas E. Moran, made under St. 1911, c. 751, Part II, § 22, as amended by St. 1914, c. 708, § 8, and under St. 1915, c. 236, for compensation by the payment of a lump sum, by which decision the board awarded to him the sum of $680.25. He previously had been awarded compensation for an injury sustained on Novem-

ber 4, 1915, when he was eighteen years of age, from a permanently disabling injury, by the loss of vision in his right eye, arising out of and in the course of his employment by the Stafford Company, a corporation doing business in the village of Readville, a part of Boston.

The case was heard by *Fox*, J. The evidence reported by the Industrial Accident Board is described in the opinion. The judge made a decree in accordance with the decision of the Industrial Accident Board; and the employee appealed.

The appeal was taken on the date of the decree, which was May 14, 1917. It was not entered in this court until August 6, 1917. In the meantime on July 10, 1917, the insurer had filed in the Superior Court a motion to dismiss the appeal for want of prosecution. This motion was heard by *J. F. Brown*, J., who on July 16, 1917, made an order that "the motion to dismiss the appeal is allowed, unless the papers are prepared and entered in the clerk's office of the full court within thirty days from the date of this order." The appeal was entered within the thirty days. At the argument of the appeal before this court the insurer filed a motion that the "appeal be dismissed because not seasonably presented to this honorable court." This motion was denied by the court by an order made on June 24, 1918. The rescript in the case was dated June 25, 1918.

*P. P. Coveney*, for the employee.

*E. C. Stone*, for the insurer.

RUGG, C. J. This is a proceeding under the workmen's compensation act, St. 1911, c. 751, where the employee was dissatisfied with the decision of the Industrial Accident Board and caused proper papers to be entered in the Superior Court for the purpose of contesting it. A decree was made and entered in the Superior Court in accordance with the report of the Industrial Accident Board on May 14, 1917. An appeal by the employee was taken on that date. It was not entered in this court until August 6, 1917, nearly three months later. In the meantime a motion had been filed by the insurer in the Superior Court to dismiss the appeal for want of prosecution or because not entered "forthwith" in this court. R. L. c. 159, § 19, as amended by St. 1911, c. 284. See R. L. c. 173, § 117. On July 16, 1917, the Superior Court made an order that the appeal be dismissed unless

entered within thirty days from the date of the order. The appeal was entered on August 6, 1917.

The Superior Court had jurisdiction of the motion. R. L. c. 173, § 115, as amended by St. 1915, c. 111. *Griffin* v. *Griffin,* 222 Mass. 218. See *Daly* v. *Foss,* 209 Mass. 470, where the statutes and the cases are reviewed. *Carpenter* v. *Fleming,* 177 Mass. 525.

Subsequently, after the appeal was entered in this court, the insurer moved that the appeal be discharged and the case sent back to the Superior Court on the ground of diminution of the record, the matters alleged relating to the motion to dismiss the appeal. See *Doherty's Case,* 222 Mass. 98. That motion was denied after hearing.

At the argument of the case on its merits the insurer offered a motion that the appeal be dismissed because not entered in this court forthwith as required by the statute. Manifestly under the circumstances here disclosed that motion must be denied.

No reversible error is disclosed on this record. The employee, when about eighteen years of age, received permanently disabling injuries arising out of and in the course of his employment by a subscriber under the act. After receiving weekly compensation for a time, being still a minor, he made application to the board to "provide that he be compensated . . . by the payment of a lump sum," as provided by Part II, § 22 of the act as amended by St. 1914, c. 708, § 8. The board proceeded to consider that application, giving the employee the benefit of St. 1915, c. 236, to the effect that he was of such age and experience when injured that under natural conditions his wages would be expected to have increased. Findings were made somewhat in detail as to increases in earnings which might reasonably have been anticipated if there had been no injury, and as to what the employee would be able to earn in his injured condition, and on these as a basis the board awarded a lump sum. It is not necessary to analyze these findings and the award with particularity. There was evidence which might have supported a somewhat larger award. But the whole question was one which involved a consideration of the weight to be given to evidence. The credibility of the testimony was wholly for the board. The estimate as to future earnings involved also an examination of the boy and insight into his probable

quickness of perception and general reliability. These were pure matters of fact depending more upon the application of sound judgment to a practical problem of human nature than upon an accurate arithmetical calculation. The circumstance that no specific award was made for a period of about ten weeks shows no error of law. Doubtless that was taken into account in making the order as to payment of the lump sum. The findings of the board, resting upon evidence whose weight and credibility were wholly for its consideration, cannot be disturbed. *Pigeon's Case,* 216 Mass. 51. *Cox's Case,* 225 Mass. 220.

*Decree affirmed.*