BOSTON SAFE DEPOSIT AND TRUST COMPANY *vs.* HUNTINGTON W. WICKHAM & another.

Suffolk. January 11, 1926. — January 15, 1926.

Present: RUGG, C.J., BRALEY, CARROLL, WAIT, & SANDERSON, JJ.

Probate Court, Appeal: dismissal for failure to prosecute seasonably, record; Report of finding by judge.

Upon a motion in this court, by a petitioner for proof of a will, to dismiss an appeal from a decree of a probate court denying a motion of respondents, who were residents of London, in England, for framing jury issues, it appeared that the decree was entered on July 31, 1925, and that the appeal was claimed the same day; that the judge, upon request by the respondents for a statement of facts found by him, filed a report on October 16, 1925; that the record contained three hundred and ninety-five printed pages; and that it was entered in this court on December 28, 1925. It did not appear when the respondents gave the order to print the record. *Held*, that on such facts alone it could not be said that the case was not entered in this court "as soon as may be" in accordance with the statutory requirement, and the motion was denied.

A report of facts found upon the hearing of a motion for the framing of jury issues relating to the proof of a will, filed by a judge of probate

under G. L. c. 215, § 111, upon a request of respondents who had appealed from a decree denying the motion, is an essential part of the record on appeal, and, in the absence of an agreement to the contrary, should be printed and entered with the record in this court.

PETITION, filed in the Probate Court for the county of Suffolk on March 4, 1925, for proof of the will of Charles Pfaff, late of Boston.

The respondents moved for the framing of jury issues. The motion was heard by *White*, J., and was denied. The respondents appealed.

Upon the entry of the appeal in this court, the petitioner moved that the appeal be dismissed for failure to prosecute it seasonably. Material facts relating thereto are described in the opinion.

*C. M. Rogerson*, for the petitioner.

*J. F. O'Connell*, for the respondents.

RUGG, C.J. This is a petition in the Probate Court for the proof of a will. Certain contestants filed a motion that issues concerning the execution of the will be framed for trial to a jury. At a hearing upon that motion a commissioner was appointed and the testimony of witnesses was taken. Decree denying that motion was entered on July 31, 1925. On the same day the contestants appealed from that decree. The contestants made a request for findings of fact on August 7, 1925. The judge of the Probate Court, although not then required to make report of the material facts found by him because the request was not filed within four days, exercised his discretion so to do and filed that report on October 16, 1925. The case was entered in this court on December 28, 1925.

The petitioner moves that the case be dismissed for want of prosecution. The record as printed covers three hundred and ninety-five pages. It is alleged in the petition that the contestants are residents of London, England, and they are not alleged to have been commorant elsewhere. It does not appear when the order to print the record was given by the contestants. For aught that we know the order was given as soon as the case was ripe for such action. On these bald facts it cannot be said that the case was not entered in this

court "as soon as may be." G. L. c. 231, §§ 144, 135; c. 215 § 10. The case is quite distinguishable from *Griffin* v. *Griffin,* 222 Mass. 218, *Silverstein* v. *Daniel Russell Boiler Works, Inc., ante,* 137, *Crawford* v. *Roloson, ante,* 163, *West* v. *Johnson, ante,* 161, and like cases, in all of which more facts appeared showing delay directly attributable to the appealing or excepting party.

The petitioner moves to dismiss the record because as printed it does not contain the report of material facts found by the judge. That report is an essential part of the record and should be printed, in the absence of agreement to the contrary. Such report was filed under G. L. c. 215, § 11. The inference from the terms of that section is that the report is a part of the record. The practice in probate appeals is according to equity so far as practicable and applicable. *Churchill* v. *Churchill,* 239 Mass. 443. *Mackintosh, petitioner,* 246 Mass. 482. *Drew* v. *Drew,* 250 Mass. 41, 43. G. L. c. 215, § 21. In equity, findings of material facts, whether filed voluntarily or in accordance with statutory mandate are a part of the record. *Cohen* v. *Nagle,* 190 Mass. 4. *Taylor* v. *Jones,* 242 Mass. 210, 216, and cases cited. G. L. c. 214, § 23. Without citing the cases which have come to this court under G. L. c. 215, § 11, by appeal from the Probate Court, an examination of them shows that the report of facts found where made has been printed as a part of the record. Rights of parties may be affected by the findings of fact made under these circumstances. The familiar rule is that such findings resting upon the observation of witnesses testifying orally will not be set aside unless plainly wrong. *Howe* v. *Howe,* 199 Mass. 598, 601. *Corkery* v. *Dorsey,* 223 Mass. 97, 100. What is said in *Robinson* v. *Donaldson,* 251 Mass. 334, 336, has no relevancy to the point here presented.

It follows that the record is incomplete. It is silent where it ought to speak. It ought to be perfected by the addition of copy of the report of the material facts found by the judge. See *Doherty's Case,* 222 Mass. 98, 100. *Andrews* v. *Bosworth,* 3 Mass. 223. If order is given by the appellants to the register of probate to prepare for the full court a report of

such findings, and payment of estimated expense thereof is made to him on or before January 23, 1926, the case may stand for hearing when the record is completed; otherwise it is to be dismissed.    Motion to dismiss for want of prosecution denied.

*Ordered accordingly.*