HENRY V. CUNNINGHAM & others, trustees, *vs.* FIRST
BANKER'S UNION, INC., & others.

Suffolk.    January 20, 1927. — May 21, 1927.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Equity Pleading and Practice*, Appeal: dismissal for failure to enter forth-
with.

A motion to dismiss an appeal in a suit in equity in the Superior Court
filed on June 7, 1926, from a final decree entered on June 2 dismissing
the bill, at the hearing of which the evidence was taken by a stenog-
rapher appointed under G. L. c. 214, § 24, Equity Rule 29 (1926),
should have been allowed where it appeared that the appellant took no
action until after he received on July 9 notice of a motion to dismiss the
appeal, except that on June 21 he merely inquired of the stenographer
when the evidence could be transcribed, without ordering its transcrip-
tion, and was informed that it could not be transcribed before Sep-
tember.

BILL IN EQUITY, filed in the Superior Court on February 10,
1925.

The suit was heard in the Superior Court by *Morton*, J.,
on May 25, 1926, a stenographer having been appointed
under G. L. c. 214, § 24, Equity Rule 29 (1926), and by his
order a final decree dismissing the bill was entered on June 2,
1926, from which the plaintiff appealed on June 7. A mo-
tion to dismiss the appeal for "lack of prosecution" was
heard by *Weed*, J., and was denied on July 23, 1926. The
defendants appealed.

*D. L. Smith*, for the plaintiffs.

*J. F. Ryan*, for the defendants.

WAIT, J. Hearing upon the merits of this cause was held
in the Superior Court on May 25, 1926, and an order for de-
cree dismissing the bill with costs was filed on May 28, 1926.
Final decree was entered June 2, 1926. The plaintiffs filed
a claim of appeal on June 7, 1926. So far as appears, they
took no action toward perfecting the appeal until, on June 21,
counsel inquired of the commissioner who took the testimony
when she could transcribe her notes. He was informed that

she had orders for transcripts to be delivered before this one, and was about to be on duty in the lobby of the court, so that she could not get out the testimony before September. He gave no order then to prepare the transcript, and did nothing further about preparation until after receiving notice of defendant's motion that the appeal be dismissed for lack of prosecution. This motion was filed July 9; notice was mailed on that day for hearing on July 16; it was heard July 23, and was then denied.

The defendants claimed appeal on August 10. The refusal to dismiss, as appears from its terms, is based upon the facts stated above. They do not justify the order. Inquiry of the commissioner is not the equivalent of an order for the transcript. No order was given from June 7 until July 12. Obviously this is not "forthwith," as required by G. L. c. 214, § 19; nor "as soon as may be," the language of G. L. c. 231, § 135.

The order must be reversed, the plaintiffs' appeal dismissed, and the decree dismissing the bill affirmed. *Wright* v. *Wright, ante,* 74. *Anderson* v. *Second Society of Universalists, ante,* 36. *Boston Safe Deposit & Trust Co.* v. *Wickham,* 254 Mass. 471. *Mazzuchelli* v. *Seretto,* 254 Mass. 159. *Silverstein* v. *Daniel Russell Boiler Works, Inc.* 254 Mass. 137.

*So ordered.*