OLD COLONY TRUST COMPANY, executor, *vs.* LENA FELDMAN, administratrix. & another.

Suffolk.   November 17, 1927. — November 21, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & SANDERSON, JJ.

*Equity·Pleading and Practice,* Appeal: dismissal for failure to enter forthwith.

The granting by a judge of the Superior Court of a motion to dismiss an appeal by the defendant in a suit in equity cannot be said to be erroneous where all the evidence before the judge at the hearing of the motion is not before this court and it appears that the defendant's appeal was filed over three months before the granting of the motion and that the evidence taken at the hearing by a stenographer appointed under G. L. c. 214, § 24, Equity Rule 29 (1926), was transcribed over one month before the motion was granted.

BILL IN EQUITY against Barnet Feldman and John A. Pepper, filed in the Supreme Judicial Court on May 28, 1926, and, on November 5, 1926, transferred to the Superior Court.

The suit was heard by *Cox*, J., a stenographer having been appointed under G. L. c. 214, § 24, Equity Rule 29 (1926). By order of the judge, a final decree was entered on February 24, 1927, from which the defendant Feldman appealed on March 3, 1927, and the defendant Pepper on March 9, 1927. On May 14, 1927, the stenographer completed the transcript of the evidence. On June 7, 1927, the plaintiff filed motions to dismiss the appeals which were heard and allowed by *Cox*, J., on June 20, 1927. The defendants appealed from such allowance.

Subsequent to the appeal, the defendant Barnet Feldman died and the administratrix of his estate, Lena Feldman, was admitted to defend in his stead.

*P. J. Sondheim & M. W. Cottle*, (*G. F. Tucker* with them,) for the defendants.

*S. E. Gifford*, for the plaintiff.

BY THE COURT. The plaintiff made a motion in the Superior Court to dismiss the appeal on the ground that the defendant had failed to prosecute the same as required by law. The record states that after hearing the motion was allowed. There are printed in the record three affidavits. There is nothing in the record to show that these affidavits constituted all the evidence before the Superior Court judge. It was stated at the argument at the bar of this court that there were counter affidavits and statements accepted by the judge in lieu of evidence. No finding of facts or report of material facts was filed by the judge of the Superior Court. It cannot be said on such a record that there was any error in the action of the Superior Court. The case is governed by *Griffin* v. *Griffin*, 222 Mass. 218, 221.

*Order dismissing appeal affirmed.*