·Nathan H. Gordon *vs.* Jennie Willits.

Suffolk.    December 9, 1927. — May 25, 1928.

Present: Rugg, C.J., Braley, Crosby, Carroll, & Sanderson, JJ.

*Landlord and Tenant,* Validity of lease, Construction of lease. *Equity Pleading and Practice,* Findings by judge; Appeal: dismissal for failure to prosecute. *Fraud. Evidence,* Competency.

In a bill in equity to cancel a lease in writing of a dwelling house hired by the plaintiff of the defendant, it was alleged that the defendant's agent made false representations to the plaintiff concerning the amount of noise made by the heating plant of the premises, and, knowing that the plaintiff desired a quiet place, failed to disclose the disturbing noise made by the heater. A judge, after hearing at length oral testimony, which was reported by a stenographer appointed under G. L. c. 214, § 24, Equity Rule 29 (1926) and after viewing the premises, found that no misrepresentations and no concealment amounting to a misrepresentation were made by the agent. A final decree was entered dismissing the bill. *Held,* that

(1) The judge's findings could not be pronounced plainly wrong;

(2) The final decree must be affirmed.

The lease in the suit above described provided that "the premises" should be in good condition. Evidence, offered by the plaintiff to the effect that furniture included in the lease was not in good condition, was excluded. *Held,* that

(1) The words "the premises" did not include furniture;

(2) Such evidence properly was excluded.

The plaintiff claimed an appeal from the final decree in the suit above described on February 21, and within two days thereafter requested the

commissioner to transcribe the testimony. A motion by the defendant to dismiss the plaintiff's appeal was filed March 26. On April 12 a judge who heard the motion found that the commissioner, by reason of other work, was not yet able to make the transcript and that the plaintiff had proceeded with due diligence; and denied the motion without prejudice. *Held*, that no error was shown in such denial.

The defendant in the suit above described subsequently filed in this court a second motion to dismiss the plaintiff's appeal. It appeared that, after the commissioner had completed the transcript of the evidence, the plaintiff's counsel, because of an agreement between counsel that the record should not be printed pending negotiations for a settlement, delayed for nearly four months in ordering the record printed; and that he finally ordered the printing when, after repeated urging, the defendant had failed to decide on the question of settlement. The record was promptly entered in this court when printed. *Held*, that the motion must be denied.

BILL IN EQUITY, filed in the Superior Court on October 22, 1926, described in the opinion.

By amendment, the plaintiff alleged also that the defendant's agent, knowing that the plaintiff desired a quiet house, failed to disclose the disturbing noise made by the heater.

The suit was heard by *Morton*, J. A stenographer was appointed under G. L. c. 214, § 24, Equity Rule 29 (1926). Material facts found by the judge are set forth in the opinion. By order of the judge a final decree was entered on February 5, 1927, dismissing the bill. The plaintiff appealed on February 21, 1927.

On March 26, 1927, the defendant filed a motion that the plaintiff's appeal be dismissed, The motion was heard by *Bishop*, J., who, on April 12, 1927, found that within two days from February 21, 1927, the plaintiff requested the stenographer to write out the testimony taken in the case; and that since then the stenographer had been constantly engaged in court work during court hours and outside of court in writing out transcripts ordered before the plaintiff's order, so that it might be several weeks before she could complete the transcript ordered by the plaintiff. The judge ruled that the plaintiff had proceeded with due diligence; and denied the motion without prejudice. The defendant appealed.

The defendant on December 2, 1927, filed in this court a second motion to dismiss the plaintiff's appeal. From the

affidavit referred to in the opinion it appeared that the stenographer completed the transcript of the evidence on May 12, 1927; that the transcript was filed in the Superior Court on the same day; that counsel for the parties subsequently agreed that the printing should not be ordered by either party until the defendant's counsel had had an opportunity to communicate with his client; that thereafter until September 2, 1927, the plaintiff's counsel repeatedly, by telephone and letter, urged the defendant's counsel to inform him of the defendant's decision in the matter of settlement, but that the defendant's counsel never informed him of such decision; that on September 7, 1927, under an arrangement with the defendant's counsel, the plaintiff's counsel ordered the record printed and made the required deposit; and that the printed record was ready on October 10, 1927, and was entered in this court on the same date.

*R. G. Dodge,* (*M. M. Horblit* with him,) for the plaintiff.

*A. Van A. Thomason,* for the defendant.

Rugg, C.J.  This is a suit in equity seeking the cancellation of a written lease of a dwelling house alleged to have been caused to be executed through the false and fraudulent representations of the agent of the defendant. The judge filed a finding of facts, which was adverse to all the allegations in the bill as to misrepresentations. The only matter now argued to be wrong is the finding touching noise from the heating plant.

The plaintiff alleged that the noise of the heating system is such as to make rest and sleep during the evening and throughout the night almost impossible, that it was represented to him that the heating plant in said premises is in excellent physical condition and that it is noiseless in operation throughout the heating season after being started at the commencement of the heating season, and that this representation was false. The judge was not satisfied that Kaplan, the agent of the defendant, "guaranteed" that "the heater was noiseless after having been started at the beginning of the season." He found that Kaplan stated in substance that the heating plant was in good working order, and "that the only objectionable noise noted by him . . . was when it was

first started after a period of disuse, and that it quieted down after the temperature was at the point required by the thermostat," and that Kaplan "knew that the plaintiff, on account of physical conditions, desired to have a quiet house." In order to satisfy himself on the point whether the noise from the operation of the heater was objectionable to one easily disturbed at night in his sleep, the judge in his finding says: "I viewed the premises in company with the attorneys and an expert, going over various parts of the house. The heater had been running about forty minutes at the time, but had not raised the temperature to the degree required by the thermostat. When that point was reached, the heater would cease operation until the temperature dropped below the required point, when it would start again. The noise of the heater was quite perceptible as you entered the hall. In the dining room, directly over the heater, it was quite perceptible, causing a very slight vibration of the dining table, perceptible when one rested his elbows upon it. In the library, with the door closed leading into the hall, the noise was perceptible only by very careful listening. It was perceptible to some extent in the billiard room which adjoins the dining room. It was not perceptible with careful listening in the bedrooms on the second floor. If the thermostat is carefully adjusted at night, and proper attention is given to the closing of chamber doors in which windows are open, there should be very little, if any, noise at night from the operation of the heater. I cannot, under these circumstances, find that Kaplan, in making the representation stated, made any misrepresentation by concealment. The plaintiff's inability to sleep, which he testified to, may have been due to noise from passing automobiles but could not, in my opinion, have resulted from the noise of the heater."

The substance of these findings is that no misrepresentation was made by Kaplan as to the noise from the heating plant, and that there was no concealment made by him which was the equivalent of a misrepresentation. These findings are in effect that the allegations of the bill in this particular are not sustained. These findings cannot be pronounced plainly wrong, because they rest manifestly on the conclusion

that the testimony of the plaintiff and the witnesses called by him was not trustworthy and that the testimony of Kaplan was true in its essentials. The credibility of witnesses testifying orally was for the trial judge, who is in much better position to reach a just conclusion on this matter after seeing them upon the witness stand than any appellate tribunal can be after reading only their words in print. These findings cannot be pronounced wrong. *Lindsey* v. *Bird,* 193 Mass. 200. *Jennings* v. *Demmon,* 194 Mass. 108, 111. *Corkery* v. *Dorsey,* 223 Mass. 97, 100. *Martell* v. *Dorey,* 235 Mass. 35, 40.

The court rightly excluded the evidence offered by the plaintiff to the effect that the furniture included in the lease was not in good condition. No misrepresentation of this nature is set out in the bill. It is alleged that the furniture was not and was not put in good condition as required by the lease. The only stipulation in the lease was that "the premises" should be in good condition. The frame and the context of the lease indicate that these words did not include furniture but relate to "the house, garage and grounds." There is nothing at variance with this in *Pratt* v. *Paine,* 119 Mass. 439.

The denial of the motion to dismiss filed in the Superior Court presents no error of law. Whatever delay then existed was justified in view of the facts found by the judge. His decision cannot be reversed. *Griffin* v. *Griffin,* 222 Mass. 218.

The motion of the defendant filed in this court to dismiss the plaintiff's appeal 'because not entered "forthwith" as required by G. L. c. 214, § 19, is denied. There was delay in ordering the record to be printed, which, unexplained, would require the granting of the motion. *Robinson* v. *Donaldson,* 251 Mass. 334. *Crawford* v. *Roloson,* 254 Mass. 163. *Anderson* v. *Second Society of Universalists,* 259 Mass. 36, and cases there collected. *Building Inspector of Salem* v. *Gauthier,* 259 Mass. 615. That delay was explained at length in an affidavit filed by one of the counsel for the plaintiff, which was accepted by counsel for the defendant as basis for consideration of the motion. Thus it appears that the delay was due to the fact that parties were negotiating

concerning a settlement of the case, and it was agreed for reasons satisfactory to them that pending such negotiations the order for printing should not be given. It would be manifestly unjust to permit a party to take advantage of a delay promoted by himself. The case is distinguishable from *Gora* v. *Neapolitan Ice Cream Co.* 259 Mass. 463.

The result is that the order of the Superior Court denying the motion to dismiss the appeal is affirmed, the motion made in the full court to dismiss the appeal is denied, and the final decree is affirmed.

*Ordered accordingly.*