FRANK LANZA & others *vs.* FRANK LEVERONI & another.

Suffolk.   December 6, 1928. — March 26, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Equity Pleading and Practice,* Appeal: dismissal for failure to enter forthwith.

The plaintiff in a suit in equity appealed on March 7 from a final decree entered on February 21, but did nothing toward perfecting his appeal before April 25, when his appeal was dismissed upon motion by the defendant filed on April 5.  *Held,* that the appeal rightly was dismissed because it was not entered in this court "forthwith" under G. L. c. 214, § 19.

The defendant in the suit in equity above described appealed from the final decree on March 12.  From March 15 to March 22 his attorney made efforts to induce the attorney for the plaintiff to pay one half the expense of preparing the record so as to avoid duplication of expense.  Those efforts having failed, the defendant on March 27 ordered the preparation of a transcript of the evidence, which was ready on April 3, and was paid for on April 4.  The plaintiff on April 7 filed a motion to dismiss the defendant's appeal, and the defendant

delayed entering his appeal until after the disposition of such motion. A decree was entered on April 25 dismissing his appeal. Upon appeal by the defendant from such decree, it was *held* that

(1) The defendant properly delayed entering his appeal from the final decree until after the disposition of the plaintiff's motion to dismiss that appeal;

(2) The delay by the defendant during his efforts to save expense to both parties was justifiable in the circumstances;

(3) The delay by the defendant during the few days not specifically accounted for did not require the dismissal of his appeal;

(4) It could not quite be said that the defendant had failed to comply with G. L. c. 214, § 19, and the decree dismissing his appeal was reversed.

BILL IN EQUITY, filed in the Superior Court on August 29, 1927.

The suit was heard by *Weed,* J., by whose order a final decree was entered. Both parties appealed. Proceedings relative to the appeals are described in the opinion. Both parties appealed from decrees entered by order of *Cox,* J. dismissing their appeals from the final decree.

*J. F. Gadsby,* for the defendants.

*E. J. Owens,* for the plaintiffs.

RUGG, C.J. The final decree was entered on February 21, 1928. The plaintiffs appealed on March 7, 1928, but did nothing toward entering their appeal in this court before the decree dismissing their appeal on April 25, 1928, pursuant to a motion filed on April 5, 1928. Manifestly that decree was entered rightly because the plaintiffs had not entered their appeal "forthwith" as required by G. L. c. 214, § 19. *Sullivan* v. *Roche,* 257 Mass. 166, 168. *Romanausky* v. *Skutulas,* 258 Mass. 190, 193. *Wolfman* v. *Corey,* 258 Mass. 611. *Gora* v. *Neapolitan Ice Cream Co.* 259 Mass. 463. *Cunningham* v. *First Bankers' Union,* 259 Mass. 595. *Old Colony Trust Co.* v. *Feldman,* 261 Mass. 231.

The defendants appealed from the final decree on March 12, 1928. Motion to dismiss that appeal for failure to enter "forthwith" was made on April 7, 1928. It appears to have been heard on affidavits. See Equity Rule 32 (1926); Common Law Rule 23 of the Superior Court (1923); *Soebel* v. *Boston Elevated Railway,* 197 Mass. 46, 51. In substance

the facts thus disclosed are that on his own initiative the attorney for the defendants was in communication with one of the attorneys for the plaintiffs from March 15 to March 22, or possibly to March 26, to ascertain if the latter would pay one half the expense of preparing the stenographic report of the evidence and of printing the record in order to avoid duplication of expense. In the end the plaintiffs refused to bear any part of these expenses. Thereupon the defendants on March 27 ordered the report of the evidence to be prepared. That was ready on April 3, 1928, paid for on the following day, and on the day following that a motion to dismiss the appeal of the plaintiffs was filed, and on April 7, 1928, a motion to dismiss the appeal of the defendants was filed. The defendants rightly awaited the decision of the Superior Court on the later motion before taking further steps to enter their appeal in this court. *Silverstein* v. *Daniel Russell Boiler Works, Inc.* 254 Mass. 137, 139.

In these circumstances, while the case is close to the line, we do not think that it quite can be said that the defendants failed to comply with G. L. c. 214, § 19. The delay from the claiming of the appeal until March 22, a period of ten days, was spent in efforts for the benefit of both parties in lessening the expense of each, if each honestly intended to prosecute the appeal. The plaintiffs cannot take advantage of that delay in the conditions here disclosed. *Gordon* v. *Willits*, 263 Mass. 516, 520, 521. The order for preparing the stenographic report of the evidence was given five days later and paid for as soon as the report was ready. The motion to dismiss the defendants' appeal was filed three days later. No point has been made that the order for preparation of the evidence was not given to the clerk of courts as a part of a general order to prepare the record and papers for entry in this court. The defendants were engaged in taking steps essential for the preparation of the case for entry on appeal. The very few days not specifically accounted for do not bar their rights. *Griffin* v. *Griffin*, 222 Mass. 218, 221. *Boston Safe Deposit & Trust Co.* v. *Wickham*, 254 Mass. 471, 472. *Gordon* v. *Willits, supra*, page 520.

The case is distinguishable from *Anderson* v. *Second Society of Universalists*, 259 Mass. 36, and cases there collected. *Building Inspector of Salem* v. *Gauthier*, 259 Mass. 615, and *Cunningham* v. *First Bankers' Union*, 259 Mass. 595.

> *Decree dismissing plaintiffs' appeal affirmed.*
> *Decree dismissing defendants' appeal reversed.*