ALEXINA C. BARRELL *vs.* THE GLOBE NEWSPAPER COMPANY.

SAME *vs.* POST PUBLISHING COMPANY.

POST PUBLISHING COMPANY, petitioner.

Suffolk.    November 16, 1928. — June 27, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Practice, Civil,* Actions tried together, Exceptions.  *Waiver.*

Exceptions saved by each party at the trial together of actions in the Superior Court properly may be combined in a single bill of exceptions for determination by this court.

In the absence of any order by the trial judge touching the apportionment of the expense of preparing such a consolidated bill of exceptions, the expense must be borne equally by the parties.

It *was stated* that the Superior Court has jurisdiction to order such apportionment of the expense of preparing a consolidated bill of exceptions among the parties thereto as may be just and fair in the circumstances.

A consolidated bill of exceptions saved by a plaintiff and each of two defendants at a trial together of two actions of tort in the Superior Court was allowed on March 22. There followed correspondence among the parties, instituted by the plaintiff, as to the sharing of the expense of printing the exceptions. One defendant finally agreed to pay his share and the other defendant refused to pay any part. An order for printing and deposit were made on April 18. A motion by the plaintiff that the defendants' exceptions be dismissed for failure to prosecute them seasonably was allowed by a judge of the Superior Court as to the second defendant and denied as to the first. No motion was filed by any party seeking an order of court as to the apportionment of expense. The consolidated bill of exceptions was entered in this court, but argument thereon was delayed by consent of all the parties pending the report of a commissioner appointed to consider a petition filed in this court by the second defendant to establish his exceptions. Each defendant filed a motion in this court that the exceptions be dismissed for failure to prosecute them seasonably. The first defendant stated in his brief at the argument in this court that he pressed his exceptions solely for the reason that they, "if good, make nugatory the plaintiff's exceptions." *Held,* that

(1) The burden of entering the bill of exceptions in this court "as soon as may be" after its allowance rested alike upon each of the excepting parties;

(2) Failure to make prompt entry of the bill of exceptions after its allowance was not justified by the parties' inability to agree upon the sharing of expense;

(3) The circumstance, that the plaintiff was willing to share in the expense, was not the equivalent of compliance with the requirement that he enter the bill of exceptions "as soon as may be";

(4) The delay in argument on the exceptions pending the commissioner's report did not constitute a waiver by the defendants of their right to press their motions to dismiss the plaintiff's exceptions;

(5) Those motions must be allowed;

(6) The statement in the first defendant's brief, in the circumstances, was a waiver of whatever rights he may have had;

(7) In the circumstances, by reason of the second defendant's refusal to pay any part of the cost of preparing the exceptions and of the allowance of his motion to dismiss the exceptions, he was not entitled to a consideration by this court of his petition to establish his exceptions, and it was dismissed.

Two ACTIONS OF TORT. Writs dated June 16, 1926. Also a PETITION to establish exceptions, filed in the Supreme Judicial Court by Post Publishing Company on September 10, 1928.

The actions were tried together in the Superior Court before *Whiting,* J. The jury returned a verdict for the plaintiff in each action in the sum of one cent. Each defendant and the plaintiff alleged exceptions, which were combined in a single bill of exceptions. Further proceedings in the Superior Court and in this court relative to the parties' exceptions, and the petition to establish the exceptions, are described in the opinion.

*W. R. Bigelow,* for the plaintiff.

*E. A. Whitman,* for Post Publishing Company.

*F. T. Leahy,* for The Globe Newspaper Company.

RUGG, C.J. The two first named cases are actions of tort. The third case is a petition to establish exceptions arising on a motion in the Superior Court to dismiss the exceptions of one of the defendants, the Post Publishing Company, for failure to prosecute. The main controversy arises out of two actions of tort by the same plaintiff, one against the Post Publishing Company, the other against the Globe Newspaper Company. The cases were tried together. They were not merged into one case but remained separate and distinct trial actions. *Lumiansky* v. *Tessier,* 213 Mass. 182, 188, 189. It is stated in the commissioner's report on the petition to establish exceptions respecting the trial of the two cases: "At the close of the testimony each defendant seasonably made a motion for a directed verdict in its favor. Both motions were denied. Plaintiff excepted to certain rulings admitting evidence and to certain rulings and refusals to rule. Defendant Globe Newspaper Company excepted to certain rulings and refusals to rule and to the denial of its motion for a directed verdict. Petitioner excepted to certain rulings admitting evidence, to certain rulings and refusals to rule and to the denial of its motion for a directed verdict. The jury returned a verdict for the plaintiff for nominal damages in each case. Each party filed a bill of exceptions. By agreement between counsel approved by the court a combined bill of exceptions embodying the exceptions of all parties was filed and allowed."

The statutes do not expressly confer the right upon parties in these circumstances to join in a single bill of exceptions.

A doubt was thrown out as to the propriety of a single bill of exceptions where two or more cases are tried together in *Moseley* v. *Washburn*, 165 Mass. 417, 418. The practice is now firmly established that in such joint trial one bill of exceptions may be filed in behalf of all aggrieved parties on the same side of the controversy. *Doherty* v. *Phœnix Ins. Co.* 224 Mass. 310, 313. *Shapiro* v. *Union Street Railway*, 247 Mass. 100, 102. In *Browne* v. *Hale*, 127 Mass. 158, 162, it was said by Gray, C.J., "Each party, indeed, has the right to except to rulings made against him at the trial and material to the verdict or judgment; and it sometimes happens that the rulings are unfavorable in part to the one party, and in part to the other, and are even, in practice, included in one bill of exceptions . . . ." Thus the practice is recognized that all parties, whether adversary or having a common interest, aggrieved by rulings at the same single or joint trial may, if they can, unite in one bill of exceptions wherein all the alleged errors of law may be set forth. The allowance of the exceptions of all parties combined in one bill of exceptions was proper.

After the allowance of this joint bill of exceptions dispute arose as to the payment of the expense of printing the exceptions for determination by this court.

The consolidated bill of exceptions was printed apparently by the plaintiff and the defendant the Globe Newspaper Company. When the case came on to be heard in this court each defendant presented a motion that "the exceptions be dismissed for failure to prosecute the same as required by law." The motion sets out the allowance of the consolidated bill of exceptions on March 22, 1928, and avers that the printing of said bill was not ordered and no deposit was made therefor until April 18, 1928, twenty-seven days thereafter. Affidavit in behalf of the plaintiff does not controvert the dates and time thus stated except that the estimate of cost of printing was received from the clerk of courts on March 26. These must be accepted as true. This affidavit tends to show that there was correspondence and negotiation, instituted by the plaintiff, between the parties regarding a sharing of the expense of printing the exceptions, which came to naught;

that a petition was filed by the plaintiff for a revocation of the allowance of the combined bill of exceptions, see *Thorndike, petitioner,* 254 Mass. 256, 261, and a petition to dismiss the defendants' exceptions for failure to prosecute, which was allowed by the court as to the Post Publishing Company but denied as to the Globe Newspaper Company because it agreed to pay its share of the expenses. The plaintiff contended that the expense should be shared equally by all parties to the consolidated bill of exceptions, while the defendants contended that the plaintiff should bear the whole expense. The plaintiff was right and the defendants were wrong in the positions thus taken. Each party originally had filed its separate bill of exceptions. Each was a party by its own consent to the combined bill of exceptions embodying the exceptions of all parties, which was filed and allowed by the court. No order of court was entered touching the expense of prosecuting that combined bill. It was the duty of each party in these circumstances to share equally in the expense of printing such a bill of exceptions, or to seek an order of court as to the division of such expense between the parties. No statute governs the precise facts here disclosed. It is provided by G. L. c. 231, § 133, that if the excepting party delays beyond the time there specified to enter the exceptions or to take other steps there pointed out, the exceptions may be overruled by the court by which they were allowed. By G. L. c. 231, § 135, the imperative duty is cast upon the excepting party to make proper copies and to enter the exceptions in the Supreme Judicial Court "as soon as may be after" the allowance of the exceptions. *Crawford* v. *Roloson,* 254 Mass. 163. That burden in the case of a combined bill of exceptions, and in the absence of an order of court covering the subject, rests equally upon all parties to that bill. It rests no more upon one party than upon another. If each party had pressed to allowance his own bill of exceptions, plainly he could secure consideration of his own exceptions only by complying with the mandate of the statute as to preparing papers and printing the exceptions. The same rule obtains when there is a single combined bill setting forth the exceptions of each party. One excepting party

cannot stand idly by and compel the other to pay all expenses, and still preserve its rights as an excepting party. It is manifest that the case cannot halt because of disputes between the excepting parties as to bearing the expense of presenting the case to this court. The mandate of the statute is still peremptory. It recognizes no proviso based on any such disagreement. The record in the case at bar was complete and ready to print. Any party who wants his exceptions considered in these circumstances must comply with the statute and print and enter the exceptions. *Gora* v. *Neapolitan Ice Cream Co.* 259 Mass. 463. That party must proceed at his own expense if he cannot otherwise comply with the statutory requirement. The statute authorizes no delay in these circumstances.

Cases may arise where an equal division of such expenses between the parties to a combined bill of exceptions may be unfair or unjust. In such cases the court may deal with the situation as a part of its general jurisdiction. The court has inherent power, as an incident of its authority to allow a combined bill of exceptions, to enter an order as to division of all expense of preparing copies and papers and printing and entering exceptions between the parties to such combined bill of exceptions. The court has this power, as an incident of its general authority in instances not covered by statute or by authoritative decision, to apply fundamental ethical rules of right and wrong and principles of fair dealing to the solution of problems arising in the administration of justice. See *Mabardy* v. *McHugh*, 202 Mass. 148, 150. No one of the parties to this combined bill of exceptions asked for an order of court touching the division of cost of printing and other necessary expenses. No order of court was made on the subject. Therefore the burden rested equally upon each party.

The plaintiff did not persist in her motion to revoke the allowance of the combined bill of exceptions. She did not present a motion for an order as to the division of expense of further prosecuting the combined bill of exceptions. She presented a motion to dismiss the exceptions as to the defendants for failure to enter the same, but with respect to that

motion she did not comply with Common Law Rule 23 of the Superior Court (1922). The plaintiff was as much in fault as the defendants in failing to enter the exceptions. She did not give the order for printing. She made no deposit on account with the clerk of courts, at least for a period of twenty-three days. Her willingness to share the expense was not the equivalent of compliance with the statute. The case at bar is distinguishable from *Moran's Case,* 230 Mass. 500, *Gordon* v. *Willits,* 263 Mass. 516, 520, 521, and from *Lanza* v. *Leveroni,* 266 Mass. 563.

The plaintiff argues that, because, when the consolidated bill of exceptions first was on the list for argument, on motion of one defendant, acquiesced in by the other parties, it was continued to await the coming in of the commissioner's report on the petition of the Post Publishing Company to establish its exceptions, this amounted to a waiver of any right to move to dismiss. That contention cannot be supported. It was highly proper that all aspects of the cases be presented before this court at the same time. The stated proceeding to that end did not amount to a waiver, even if it be assumed that the point can be waived. See *Lonergan* v. *American Railway Express Co.* 250 Mass. 30, 40.

It follows that the motions of the defendants that the exceptions be dismissed must be granted.

The defendant Globe Newspaper Company expressly states in its brief that it "is pressing its exceptions, not for a new trial, but because its exceptions, if good, make nugatory the plaintiff's exceptions." This is the equivalent of a waiver of whatever rights it may have, if any, in the circumstances which have now come to pass. Moreover, the granting of its motion to dismiss the exceptions leaves nothing more for the determination of this court.

The draft bill of exceptions, the truth of which here is sought to be established, by the Post Publishing Company, after reciting the allowance of the combined bill of exceptions sets out that the "defendant Post Publishing Company declined to pay any portion of the cost of printing this bill of exceptions on the ground that its exceptions, if allowed, would render the plaintiff's exceptions nugatory and that it

was therefore the duty of the plaintiff to incorporate and take up the defendant's exceptions in her bill of exceptions, particularly its exception to the denial of its motion for a directed verdict." This statement is binding upon the petitioner Post Publishing Company. Counsel for that petitioner, although at first stating that, if the judge thought he ought to pay a share, he would, but not assenting to that practice, finally refused to make any contribution. The Post Publishing Company was denying that any part of that burden of expense rested on it and was declining to bear any of it. As already pointed out, its position in this respect was wrong in law. In these circumstances its petition to establish its bill of exceptions cannot be treated on its merits because manifestly it has refused to take any steps to confer upon this court jurisdiction to deal with the merits of the combined bill of exceptions. It has been more delinquent than the plaintiff in this particular. The granting of its motion to dismiss the combined bill of exceptions leaves nothing before the court. Since it is not entitled to be heard on the merits of the main case, it would be futile to consider its petition to establish exceptions. This petitioner has not put itself in a position to be heard on the merits of the case.

> *Motions of the defendants to dismiss the exceptions granted.*
> *Petition to establish the truth of exceptions dismissed.*